## JOSEPH C. PALMER, Appellant, *v.* A. W. GOODWIN and GEORGE BOWEN, Respondents.

The holder of negotiable paper indorsed before maturity, is supposed to be the *bona fide* owner of the same, and all intendments are in favor of his right.

The presumption of the law is in favor of such holder, to rebut which, it is necessary to show by competent testimony that he is not the *bona fide* holder, or that the note was not indorsed until after maturity, or some other fact from which the law will imply a fraud.

It is not necessary that the plaintiff should show how he became possessed of the note, or the consideration paid ; the *onus* is on the defendant, and facts proven, and not suspicions, are necessary to defeat a right of recovery.

APPEAL from the Superior Court of the City of San Francisco.

The facts material to the points decided appear in the opinion of the Court.

*Lockwood, Tyler* and *Wallace,* for Appellant.
No brief on file.

*Nathaniel Bennett,* for Respondents.

Under the facts proved in this case, the plaintiff is not entitled to recover without proving that he took the note *bona fide,* without notice, in the usual course of trade, and that he paid therefor a valuable consideration.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

Conceding the right of Perry, as a judgment creditor of Adams & Co., to intervene in this suit, the judgment is improper.

The third instruction, " that if the defendants' evidence has raised a well grounded suspicion in the minds of the jury, that the plaintiff did not come fairly by the note in question, and is not the *bona fide* holder and owner thereof, this would throw the proof of the *bona fides* upon the plaintiff; and if the jury believed that this well grounded suspicion of want of ownership existed, and also believed, that the plaintiff had not shown by evidence how he came by the note, and the consideration he gave for it, so as to convince them that he was the *bona fide* owner, for a valuable consideration, they should find for the intervenor," is erroneous.

The holder of negotiable paper, endorsed before maturity, is supposed to be the *bona fide* owner of the same, and all intendments are in favor of his right.

The safety and convenience of the commercial community depend on this rule, and it is not to be defeated by any suspicions. The presumption of the law is in favor of the plaintiff, he being the holder; to rebut which, it is necessary to show by competent testimony that he is not the *bona fide* holder, or that the note was not indorsed until after maturity, or some other fact, from which the law will imply a fraud.

It is not necessary that the plaintiff should show how he became possessed of the note, or the consideration paid; the *onus* is on the defendant, and facts proven, and not suspicions, are necessary to defeat a right of recovery.

Besides this, there was much irrelevant testimony admitted on the

trial. The rascality of I. C. Woods, and the virtues of the principal witness, James King of Wm., had nothing to do with the matter, and it was prejudicing the plaintiff's case, to admit on the trial this epic narrative of the manner in which confidence had been betrayed, and public credulity imposed upon. It is easily to be understood, how any jury, carried away by their indignation at the relation of the dishonest practices of Adams & Co., might lose sight of an honest litigant, or, in their mental abstraction, couple him with all the frauds which they had heard so graphically delineated.

The verdict itself involves an inconsistency. It finds the intervenor entitled to the amount in dispute, and at the same time exculpates the plaintiff " of having obtained the note in an improper manner," which, if true, would entitle him to recover; for, unless there was, on the part of the plaintiff, some gross impropriety in obtaining the note, he was entitled to recover.

For these reasons, the judgment is reversed, and a *venire de novo* awarded.