## A. G. SAYRE, Appellant, v. C. P. NICHOLS, Respondent.

An agent who signs his own name, instead of that of his principal, when he intends to bind the latter, renders himself liable.

The word "agent," appended to an agent's name, has always been held as merely *descriptio personæ*, and in no respect affects his liability.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The action was brought upon a protested bill of exchange, of which the following is a copy:

|                 | ADAMS & CO.'S EXPRESS |           |
|-----------------|:---------------------:|-----------|
| $3,000.         | AND                   | No. 2123  |
|                 | BANKING HOUSE.        |           |

MORMON ISLAND, February 21, 1855.

Pay to A. G. Sayre, or order, THREE THOUSAND DOLLARS—value received—and charge the same to account of this office.

(Signed,)          C. P. NICHOLS, Agent,

Per GEO. W. COREY.

Messrs. ADAMS & Co., Sacramento.

On the trial, plaintiff, in order to maintain his action, offered the bill in evidence, which the Court excluded, and on motion of defendant, granted a nonsuit. Plaintiff appealed.

*Ralston & Wallace*, for Appellant.

The nonsuit was improperly granted. Ch. on Bills, 32. 2 Kent's Com., 630, Note A. Stackpole v. Arnold, 11 Mass., 27. Brockway v. Allen, 17 Wend., 40. Williams v. Christy, 10 How. Pr. R., 18. Ch. on Cont., 209. Higgins v. Senior, 8 Mees. & W., 834. McGee v. Atkinson, 2 Ib., 440. Story on Agency, §§ 161, 162, 269, 270, 446, 447.

*J. Neely Johnson*, for Respondent.

Argued that the judgment of nonsuit was correct, and cited the case of Hicks v. Hinde & Beardsley, 6 How. Pr. R., 1.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The rule has long and continuously been settled, that an agent who signs his own name, instead of that of his principal, when he intends to bind the latter, becomes himself liable, and the contract is considered as his own. In such cases, the word "agent," appended to his name, has always been held as merely *descriptio personæ*, and in no respect affects his liability.

The Court erred in excluding from the jury the bill on draft which was offered in evidence by the plaintiff, and the judgment is therefore reversed and the cause remanded.