[No. 11296.  Department Two. — May 19, 1888.]

A. D. HOBSON, RESPONDENT, *v.* A. HASSETT, AP-
PELLANT.

PROMISSORY NOTE — UNDISCLOSED PRINCIPAL — LIABILITY OF AGENT SIGN-
ING. — A person signing a promissory note in his own name, with the
addition of the word "president" to his signature, without anything on
the face of the note indicating the principal, if any, for whom he is act-
ing, is individually liable on the note.  In such a case, the addition of
the word "president" is a mere *descriptio personæ.*
ID. — RENEWAL NOTE — CONSIDERATION. — The cancellation and surrender
of the note of a corporation is a sufficient consideration to support a
renewal note executed by its president in his individual name.

APPEAL from a judgment of the Superior Court of
Sonoma County.

The facts are stated in the opinion.

*Rutledge & McConnell,* for Appellant.

*Vaughn & Cradlebaugh,* and *G. A. Johnson,* for Re-
spondent.

BELCHER, C. C. — This action was brought to recover
the amount due on a promissory note which reads as
follows: —

"September 7, 1881.

"$1,135.  One day after date, without grace, we prom-
ise to pay A. D. Hobson or order the sum of eleven
hundred and thirty-five dollars, payable only in gold
coin of the government of the United States, for value
received, with interest thereon in like gold coin, at the
rate of ten per cent per year from date until paid.

"A. HASSETT, President."

The court below found that prior to the year 1878,
the Grangers' Business Association of Healdsburg was
duly organized as a corporation, and has existed as such
ever since; that on the eighth day of January, 1878, the
said corporation became indebted to the plaintiff in the

sum of two thousand dollars, and on that day made and delivered its promissory note to plaintiff for that amount; that on the seventh day of September, 1881, plaintiff presented this note to one Bagge, who was the book-keeper and accountant of the corporation, for payment, and requested that the corporation pay him nine hundred dollars in cash, and give him a new note for the balance; that defendant Hassett was president of the corporation at that time; that Bagge paid the nine hundred dollars, and drew a new note for the balance, and requested defendant, as president of the corporation, to sign it, which defendant intended to do, but signed only his own name, adding thereto the word "president"; that the note so executed is the note set out in the complaint; that defendant and Bagge only intended to make and deliver the note of the corporation, and did not then or at any other time say or do anything to lead plaintiff to believe that defendant intended to make or deliver his own note, and not the note of the corporation; that plaintiff could not read writing, and did not at the time know in what manner the note was executed, but at the end of every month, for eighteen months thereafter, he presented it, and received from the corporation the interest due thereon, and never claimed or demanded from defendant the payment thereof prior to the bringing of this action.

Upon these facts the court found, as a conclusion of law, that the note was the note of defendant, and not of the corporation, and thereupon judgment was entered in favor of the plaintiff. The defendant appealed, and the case comes here on the judgment roll.

The principal contention of the appellant is, that the note was the note of the corporation, and not of the defendant, and that the court erred in its conclusions of law to the contrary.

In view of the large number of adjudicated cases, it is sometimes difficult to determine whether a note or bill

of exchange, drawn by an agent, but for the use and benefit of his principal, binds the agent personally or not. There are, however, some general rules upon the subject, which seem to be well settled. Judge Story says: "When, upon the face of the instrument, the agent signs his own name only, without referring to any principal, then he will be held personally bound, although he is known to be or avowedly acts as agent." (Story on Promissory Notes, sec. 68.) But "if it can, upon the whole instrument, be collected that the true object and intent of it are to bind the principal, and not to bind the agent, courts of justice will adopt that construction of it, however informally it may be expressed." (Sec. 69.)

Professor Parsons says: "If an agent make a note in his own name, and add to his signature the word 'agent,' but there is nothing on the note to indicate who is principal, the agent will be personally liable, just as if the word 'agent' were not added." (1 Parsons on Notes and Bills, p. 95.) And "one who puts his name on negotiable paper will be liable personally, as we have seen, although he acts as agent, unless he says so, and says also who his principal is; that is, unless he uses some expression equivalent, to use Lord Ellenborough's language, to, 'I am the mere scribe.' For if the construction may fairly be that while he acts officially, or at the request of others, yet what he does is still his own act, it will be so interpreted." (Page 102; and see also *Sayre v. Nichols*, 5 Cal. 487; *Stackpole v. Arnold*, 11 Mass. 27; 6 Am. Dec. 150; *Williams v. Robbins*, 16 Gray, 77; 77 Am. Dec. 396; *Tucker Mfg. Co. v. Fairbanks*, 98 Mass. 101; *Sturdivant v. Hill*, 59 Me. 172; 8 Am. Rep. 409; *Pentz v. Stanton*, 10 Wend. 271; 25 Am. Dec. 558; *Powers v. Briggs*, 79 Ill. 493; 23 Am. Rep. 175.)

The cases cited by appellant are not in conflict with the rules above stated. In *Farmers' and Mechanics' Bank v. Colby*, 64 Cal. 352, the note was signed by "G. A. Colby, Prest. Pac. Peat Coal Co., D. K. Tripp,

Sec. *pro tem.*" It was indorsed by Colby and four others. The action was against Colby and Tripp as makers, and the other defendants as indorsers. The court said: "Read as a whole, we think it apparent from its face that it is the note of the company indorsed by the individuals."

In *Bean* v. *Pioneer Mining Co.*, 66 Cal. 451, 56 Am. Rep. 106, the note was signed "Pioneer Mining Company, John E. Mason, Supt." The plaintiff sought to hold Mason personally responsible on the note, but the court considered him not bound. The court said: "The signature is not John E. Mason, Superintendent of the Pioneer Mining Company," the last portion of which, in the absence of any words in the body of the note indicating an intention that it should be an obligation of the company, might, it is claimed, be held to be merely *descriptio personæ.* But here the words 'Pioneer Mining Company,' precede the name 'John E. Mason.'"

In *Mechanics' Bank of Alexandria* v. *Bank of Columbia,* 5 Wheat. 326, the question was, whether a certain act done by the cashier of a bank was done in his official or individual capacity. The action was based upon a check, and the court said: "But the fact that this appeared on its face to be a private check is by no means to be conceded. On the contrary, the appearance of the corporate name of the institution on the face of the paper at once leads to the belief that it is a corporate, and not an individual, transaction; to which must be added the circumstance that the cashier is the drawer, and the teller the payee; and the form of ordinary checks deviated from by the substitution of 'to order,' or 'to bearer.' The evidence, therefore, on the face of the bill, predominates in favor of its being a bank transaction."

In *Carpenter* v. *Farnsworth,* 106 Mass. 561, 8 Am. Rep. 360, the action was on a check, having the words "Ætna Mills" printed in the margin, and signed "J. D. Farnsworth, Treasurer." The court said "that this check

manifests upon its face that the writing is the act of the principal, though done by the hand of an agent; or, in other words, that it is the check of the Ætna Mills, executed by Farnsworth as their treasurer and in their behalf."

The other cases cited do not need special notice.

In the light of the rules of law above announced, the question then is, Did the defendant, by signing the note as he did, make himself personally responsible for its payment? It seems to us that there can be but one answer to this question, and that is, that he did. There is nothing on the face of the note to show that there was any principal back of the defendant. He signed his own name, and wholly failed to indicate, if he had a principal, who or what the principal was. The word "president," which he added to his name, must, therefore, be regarded as a mere *descriptio personæ.*

It is further contended that, as the promissory note of the defendant, it was without consideration. We do not think this position can be maintained. The note imports a consideration, and it must be presumed that when the old note was paid it was given up, and the new one taken in its place. The old note was a sufficient consideration for the new one.

We think the court drew correct conclusions from the facts before it, and therefore advise that the judgment be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.