[No. 13611.   Department One. — December 30, 1891.]

HENRY WESTPHAL, RESPONDENT, v. W. A. NEV-
ILLS, APPELLANT.

| 92 | 545 |
| 132 | 391 |

NEGOTIABLE PAPER — JOINT NOTE — ACCOMMODATION MAKER — WANT OF
CONSIDERATION. — A promissory note executed by two persons as mak-
ers, and by its terms made payable at a date subsequent to its execution,
although given for a pre-existing indebtedness due at the date of its
execution from only one of the makers, is not void for want of consid-
eration as to the other maker.

ID. — CONSIDERATION — EXTENSION OF TIME. — The detriment to the payee
of the note, in giving time to the maker from whom the indebtedness was
due within which to make the payment, is a sufficient consideration to
support the promise of the other maker to pay the note.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*E. L. Campbell*, and *Campbell & Wright*, for Appellant.

Although a writing imports a consideration (Civ.
Code, sec. 1614), still, the consideration may be inquired
into. (*Fisher* v. *Salmon*, 1 Cal. 413; 54 Am. Dec. 297;
*Braly* v. *Henry*, 71 Cal. 483; 60 Am. Rep. 543; Story on
Promissory Notes, sec. 187.)   No action can be main-
tained upon an agreement, verbal or written, the consid-
ation for which was past and executed at the time the
agreement was made.    (1 Addison on Contracts, 2d Am.
ed., 8, 9; 1 Parsons on Contracts, 468, 473; vol. 2, p. 563;
Bishop on Contracts, sec. 90; 2 Kent's Com. 465; *Chaffee*
v. *Thomas*, 7 Cow. 358; *Livingston* v. *Rogers*, 1 Caines,
583; *Comstock* v. *Smith*, 7 Johns. 87; *Dawson* v. *Dawson*,
12 Iowa, 515; *Frear* v. *Hardenberg*, 5 Johns. 277; 4 Am.
Dec. 356; *Smith* v. *Ware*, 13 Johns. 258; *Estey* v. *West-
minster*, 97 Mass. 324; *Shepard* v. *Turner*, 13 Allen, 92;
*Jones* v. *Shorter*, 1 Ga. 297; 44 Am. Dec. 649; *Roberts* v.
*Waters*, 9 Iowa, 435; *Warren* v. *Whitney*, 24 Me. 561; 41
Am. Dec. 406; *Barlow* v. *Smith*, 4 Vt. 144; *Tomlinson* v.

*Smith,* 2 Iowa, 39; *Shealy* v. *Toole,* 54 Vt. 478; *Young* v. *Hill,* 67 N. Y. 170; 23 Am. Rep. 99; *Williams* v. *Hathaway,* 19 Pick. 387; *Dodge* v. *Adams,* 19 Pick. 429; *Dearborn* v. *Bowman,* 3 Met. 155; *Flemm* v. *Whitmore,* 23 Mo. 431; *McDougald* v. *McFadgin,* 6 Jones, 89; *Parker* v. *Carter,* 4 Munf. 273; 6 Am. Dec. 513; *Cook* v. *Bradley,* 7 Conn. 62; 18 Am. Dec. 79; *Mills* v. *Wyman,* 3 Pick. 207; *Lampleigh* v. *Brathwait,* 1 Smith's Lead. Cas., 9th Am. ed., 285; *Conmey* v. *Macfarlane,* 97 Pa. St. 363; *Strough* v. *Brown,* 38 Hun, 307; *First Nat. Bank* v. *Chalmers,* 39 Hun, 468; *Schroeder* v. *Fink,* 60 Md. 436; *McCarty* v. *Hampton B. Ass'n,* 61 Iowa, 289; *Fisher* v. *Briscoe,* 10 Mont. 124; *Barkley* v. *Hanlan,* 55 Miss. 609; *Williams* v. *Williams,* 67 Mo. 661; *Briggs* v. *Downing,* 48 Iowa, 550; *Steers* v. *Holmes,* 79 Mich. 430; *Widiman* v. *Brown,* 83 Mich. 241; *Comstock* v. *Breed,* 12 Cal. 288; *Leverone* v. *Hildreth,* 80 Cal. 139; *Rosenberg* v. *Ford,* 85 Cal. 610; *Pico* v. *De la Guerra,* 18 Cal. 427.) There was no benefit conferred or agreed to be conferred on appellant, and no prejudice suffered or agreed to be suffered by the plaintiff. (Civ. Code, sec. 1605.) If the appellant be charged as a guarantor, the action will not lie, as the pleadings show that the guaranty was not entered into at the same time with the original obligation, and that there was no consideration distinct from the original obligation. (Civ. Code, sec. 2792.)

*L. J. Hardy, Jr.,* for Respondent.

It is immaterial whether or not the appellant received any part of the money, or by the execution of the note gained any benefit or advantage, if any advantage, by reason of forbearance, delay, or the like, accrued to Hopkins, his co-maker, or any prejudice, injury, or suspension of legal rights was suffered by the plaintiff. (Civ. Code, sec. 1606.) The money, when loaned by the plaintiff to the defendant Hopkins on the twenty-second day of May, 1888, to be repaid in a few days, became due or payable on demand, and the plaintiff could have sued

Hopkins for its recovery at any time prior to the execution of the note, or the twenty-second day of June, 1888, the words "in a few days" having no legal effect, because of uncertainty, etc. (Metcalf on Contracts, 174, 175.) The note gave the defendant Hopkins an extension of time in which to pay the money, and thereby conferred upon him an advantage or benefit, and it therefore follows that there was a sufficient consideration for the execution of the note. (Metcalf on Contracts, 176; 1 Parsons on Bills and Notes, 195; Civ. Code, secs. 1605, 1609.) That Hopkins received the money, or subsequently an advantage or benefit from the execution of the note, cannot change the result, although all the parties knew of it. They are jointly and severally liable. (*Damon* v. *Pardow*, 34 Cal. 278; Civ. Code, sec. 1659.) A signature is presumed to have been made for a valuable consideration. (Civ. Code, secs. 1614, 3104.)

The COURT. — The complaint alleges that on the twenty-second day of May, 1888, the defendants, in consideration of the sum of $850 then and there loaned to them, made their promissory note, as follows, viz.: —

"$850.                    · SAN FRANCISCO, May 22, 1888.

" On the twenty-second day of June, 1888, we promise to pay to the order of Henry Westphal $850, with interest at the rate of —— per cent until paid, principal and interest payable in United States gold coin, for value received.                          " R. L. HOPKINS.
                                    " W. A. NEVILLS."

The only defense presented by the appellant was a want of consideration in this: that the money "was loaned and delivered by the plaintiff to the defendant Hopkins, upon the verbal agreement, then and there made to the plaintiff by defendant Hopkins, to pay said sum of money to the plaintiff in a few days, and upon and for no other, further, or additional inducement or consideration whatever, and before the execution of said promissory note by this defendant; that this defendant received no part of the said sum of money so loaned by

the plaintiff to the defendant Hopkins, and received no benefit or advantage whatever therefrom." This allegation presented no defense to the action. By the terms of the note the appellant is liable as a maker. The matter set up in his answer would have the effect to contradict his express promise. It was not necessary that the appellant should have received any benefit for his promise; a detriment to the plaintiff — the time given to Hopkins within which to make the payment — was sufficient consideration to support the promise of the appellant.

The judgment is affirmed.