SAN BERNARDINO NAT. BANK v. ANDRESON et al.

No. 19,002; February 8, 1893.

32 Pac. 168.

**Corporation—Note Signed as "President" and "Secretary."**— Where defendants sign a note with their individual names, adding thereto "president" and "secretary," respectively, in which note they promise to pay plaintiff bank a certain amount, and there is nothing on the face of the note to indicate a principal back of them, they are personally bound, and cannot set up a defense that they executed

the note as officers of a corporation, that the loan which the note was given to secure was made to such corporation, and that the intention of both parties was that it should bind the corporation, and not defendants.[1]

**Corporation—Note.—The Fact That a Resolution of the Corporation**, with the corporate seal thereon, authorizing defendants to make the loan and execute the note in the name of, and as the note of, the corporation, was attached to the note, was without effect, as such attachment did not make the resolution a part of the note.

**Promissory Note.—By Failing to Verify Their Answer,** where a copy of the note was set out in the complaint, defendants admitted, not only the genuineness, but also the due execution, of the note.

**Promissory Note—Reformation.—A Cross-complaint Setting Up the Facts** in regard to the execution of the note, and praying that the corporation be made defendant, and that the note be reformed so as to make it the note of the corporation, could not be sustained; for, if a proceeding for reformation could be maintained by plaintiff, it could not by defendants, whose only interest in reforming the contract was to relieve themselves from liability thereon, and to show it was not their contract, but that of the corporation, which they cannot be allowed to do.

APPEAL from Superior Court, San Bernardino County; John L. Campbell, Judge.

Action by the San Bernardino National Bank against John Andreson and J. A. Crawford to recover on a promissory note. From a judgment for plaintiff, defendants appeal. Affirmed.

C. W. Rowell and E. E. Rowell for appellants; Curtis, Oster & Curtis for respondent.

TEMPLE, C.—Defendants appeal from the judgment and from an order denying a new trial. The complaint is in the ordinary form, upon a promissory note, which is set out, and is as follows:

---

[1] Cited in the note in 117 Am. St. Rep. 240, on what written instruments may be canceled in equity.

Cited in note to Vliet v. Simonton, 43 Atl. 740, a case where the persons receiving the plaintiff's money had signed the note as "trustees" of a company having no valid existence. The jury were instructed to decide according to their opinion as to whether the intention of the parties at the time was to make the transaction a personal one, which instruction was approved on appeal.

"$2,000                    San Bernardino, Cal., July 16, 1888.

"On August 16, 1888, at three o'clock P. M. of that day, (no grace), for value received, in gold coin of the government of the United States, we promise to pay to the order of San Bernardino National Bank, of San Bernardino, two thousand dollars, with interest from date at the rate of one per cent. per month until paid, payable monthly; both principal and interest payable in like gold coin.

"JOHN ANDRESON,
"President.

"J. 'A. CRAWFORD,
"Secretary."

The defendants answered, setting up two separate defenses. The first avers that the note was without consideration. The finding to the effect that there was sufficient consideration is fully sustained by the evidence.

The second defense was stricken out on motion of plaintiff, and this ruling is assigned as error. In this defense it is averred that the defendants, at the time of the execution of the note, were, and for a long time prior thereto had been, respectively, the president and secretary of the San Bernardino Fruit Company, a corporation, of which facts plaintiff had full knowledge; that, prior to the making of the note, plaintiff had agreed with the corporation to loan to it $2,000; that the money was so loaned and delivered to the corporation, and the note in suit was given to secure it, and for no other purpose; that plaintiff and its officers well knew the facts, and that the note was intended as and for the note of the corporation, and not as the individual note of the defendants, and that it was intended to bind the corporation and not the defendants, and was received by plaintiff as the note of the corporation; that the corporation had duly authorized, by resolution, the making of the loan, and these defendants to execute the note in the name of, and as the note of, the corporation, as plaintiff well knew, and that "there was attached to said note, as part thereof, a copy of said resolution, and that plaintiff received said note with such copy of said resolution attached thereto, which said resolution showed that defendants had been authorized by said company to make said note as the corporate note of said company, and not otherwise; and defend-

ants further allege that said note bore the impress of the corporate seal of said company, and was so received by plaintiff, which corporate seal disclosed the corporate name and capacity of said San Bernardino Fruit Company.''

The case of Hobson v. Hassett, 76 Cal. 203, 9 Am. St. Rep. 193, 18 Pac. 320, would seem to be on all-fours with this. It was as manifest in that case as here that the loan was to the corporation; that the defendant did not intend to bind himself personally, but did intend to bind the corporation; and that all these facts were known to the payee. There, as here, the action was between the original parties to the note. In that case, also, as in this, there was nothing on the face of the note to indicate that there was a principal back of the defendant. The signature was the same as here, and it was held that the defendant was personally bound, and could not show a contract differing from that which he had executed. The fact that the resolution of the company, with the corporate seal, was attached to the note, did not make that document a part of the note. Besides, by failing to verify their answer, since a copy of the note was set out in the complaint, the defendants admitted not only the genuineness, but the due execution, of it: Code Civ. Proc., sec. 447; Burnett v. Stearns, 33 Cal. 473.

There was also a cross-complaint, to which plaintiff demurred. The demurrer was sustained, and defendants did not amend. It set up pretty much the same facts which were stated in the second defense, as above recited; prayed that the San Bernardino Fruit Company be brought in, and made a defendant, and that the note be reformed so as to make it the note of the San Bernardino Fruit Company. This is on the theory that the execution of the note by the defendants as their individual note was a mistake. Conceding that such a proceeding could be maintained by plaintiff, it is plain that it cannot be done by these defendants. This would not be a reformation of an instrument which had been executed by the corporation. It would be to compel the corporation to execute a contract to which it is now not a party, on the ground that the corporation intended to execute it, and plaintiff received the note believing that it had done so. The only interest defendants have in reforming the contract is to be relieved from it themselves; that

is, to have it show that it was not executed by them, was not their contract, but was the contract of the corporation. No authority for such a proceeding is cited, and I know of none. This would allow them to do indirectly that which ·it is held in Hobson v. Hassett they cannot do, to wit, to show by parol that they are not liable on the note as parties thereto.

The other alleged errors are disposed of by this conclusion. I advise that the judgment and order be affirmed.

We concur: Vanclief, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.