## LYON v. ROBERTSON et al.

### S. F. No. 1125; February 5, 1900.

#### 59 Pac. 990.

Promissory Note—Renewal—Consideration.—The Surrender of valid notes to one of the joint makers for cancellation is a good consideration for a new note given by him and the widow of the other maker in renewal thereof.

Promissory Note—Renewal.—A Widow is Liable on her note given in renewal of prior notes to which her deceased husband was a party, though she gave it under misapprehension as to her liability for his debts, not induced by any misrepresentation by the payee.

APPEAL from Superior Court, Santa Clara County.

Action by W. P. Lyon against Aurelia Robertson and others. From a judgment for plaintiff, defendant Aurelia Robertson appeals. Affirmed.

D. W. & C. E. Herrington and H. V. Morehouse for appellants; Nicolas Bowden for respondent.

BRITT, C.—Action on a promissory note of date August 1, 1893, by the terms whereof the appellant Aurelia Robertson, then bearing the name of Orilla Chynoweth, and two others—one of whom was W. P. Lyon, Jr.—jointly and severally promised to pay to plaintiff the sum of $3,699.50. Mrs. Robertson and her present husband, who is joined with her pro forma, defend on the ground that she executed the note without consideration. Plaintiff had judgment.

At the trial there was evidence tending to show that Aurelia, or Orilla, as she was formerly called, was the wife of one Louis Chynoweth, who died May 10, 1893. Louis Chynoweth, at the time of his death, and said W. P. Lyon, Jr., were jointly indebted to the plaintiff on three certain promissory notes, by them executed, for the aggregate principal sum of $3,500, bearing interest. Said Louis and certain other persons together owned a farm and carried on the business thereof. Mrs. Robertson testified: "After his death, the partners of Louis in the business spoke of it, and treated me as if I had succeeded to his interest in the premises, and was liable for his debts as his successor, so that I believed I was liable for his debts." She executed the note in suit, and plaintiff accepted the same, upon the mutual understanding that it was "to take the place" of the said prior notes to which said deceased had been a party, and plaintiff thereupon surrendered the old notes to said W. P. Lyon, Jr., who canceled them. The court below held that the new note was supported by sufficient consideration, and we are of the same opinion. Prejudice suffered by the promisee, as well as the benefit conferred on the promisor, may be the consideration for a contract: Civ. Code, sec. 1605. There is no doubt that the

relinquishment by a creditor of a prior valid demand is a sufficient consideration for a new promise in his favor. There was such relinquishment in this case. That the old notes were delivered to W. P. Lyon, Jr., and not to the appellant Aurelia, can make no difference. Lyon, Jr., being a joint maker, both of the old notes and the new one, was entitled to receive the former when they· were replaced by the latter. Nor is it of any moment that appellant may have been mistaken as to her legal relation to her deceased husband's estate or to his debts. It does not appear that plaintiff in any way contributed to her misapprehension, or even had knowledge thereof. The cases cited for appellant—Chaffee v. Browne, 109 Cal. 211, 41 Pac. 1028, Rosenberg v. Ford, 85 Cal. 610, 24 Pac. 779, and Sullivan v. Sullivan, 99 Cal. 187, 33 Pac. 862—do not support her contention. In none of them did it appear that the creditor incurred any detriment, beyond what he was already legally bound to suffer, in consequence of the wife's promise to pay the husband's debt. The judgment and order denying a new trial should be affirmed.

We concur: Chipman, C.; Cooper, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.