[S. F. No. 1776.　Department Two.—April 4, 1901.]

J. F. WHELAN, Respondent, v. L. H. SWAIN et al., Defendants. EMMA SWAIN, Appellant.

PROMISSORY NOTES — CONSIDERATION — NOTE GIVEN UPON SURRENDER OF OLD NOTE — FORBEARANCE FOR ONE DAY. — A new note, payable one day after date, given in consideration of the surrender of a former note past due, is upon a sufficient consideration. The legal forbearance for one day is sufficient to support the new note. The law does not weigh the *quantum* of the consideration.

ID. — AGREEMENT FOR DELAY. — The agreement for delay need not be express; and the taking of the new note, payable at a future day, imposed upon the payee the duty of waiting until the maturity of the new note.

ID. — NOTE SIGNED UPON TRANSFER OF PROPERTY — BENEFIT RECEIVED. — Where a husband died, leaving his note unpaid, after he had

---
[6] 54 Am. Rep. 672.　　　　　[8] 1 Am. St. Rep. 55.
[7] 4 Am. Rep. 422.

deeded all of his property to his wife to avoid probate, and upon surrender of his note to her she gave a new note to the husband's creditors in lieu thereof, and afterwards transferred her property to her daughter, who, to satisfy the mother's creditors, signed a new note jointly with the mother upon surrender of the former note of the mother, the fact that the liability was changed when the title to the property was changed, and that the daughter had received the benefit of the transfer, tended to show a consideration for the joint note.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial.    F. B. Ogden, Judge.

The facts are stated in the opinion.

Walter H. Linforth, and Linforth & Whitaker, for Appellant.

A. Lewis, and Chickering, Thomas & Gregory, for Respondent.

COOPER, C.—Plaintiff recovered judgment on a promissory note.    This is an appeal from the judgment and from an order denying appellant's motion for a new trial.    The principal contention of appellant is, that the finding that the promissory note was signed by her for a sufficient consideration is not supported by the evidence.    The facts in connection with the matter are substantially as follows: In 1889 the defendant L. H. Swain and her husband borrowed four hundred dollars from the plaintiff's assignor.    In March, 1895, the husband died, leaving the note unpaid, and leaving surviving him his widow, L. H. Swain, defendant, and his daughter, the appellant.    Prior to his death he deeded all his property to his wife to avoid probate proceedings, trusting to her to care for the daughter, who was to receive all the property upon the mother's death.    Soon after the husband's death, the note was returned to the widow, and a new note signed by her alone, taken for a like sum.    After the execution of the second note, the widow, by deed, transferred all the property to the daughter. About the 1st of July, 1897, the widow was having trouble with her creditors.    Plaintiff's assignor had requested and appellant had offered to sign a joint note with her mother and take up the old one, in order to satisfy the plaintiff's assignor and to prevent an attempt being made to collect at that time. Accordingly, on July 18, 1897, the old note was delivered up

and the joint note of the mother and daughter given in lieu thereof. This note was payable one day after date and was for four hundred dollars, the original sum.

On April 25, 1898, the mother filed her petition in insolvency, and was duly adjudged insolvent, and proceedings against her stayed. The note has not been paid, and the only claim made by appellant is, that she signed the note without consideration. We think there was a sufficient consideration for appellant's signature. The old note was surrendered. The appellant had received the property that belonged to the father and mother when their note was outstanding, and that belonged to the mother alone when her note was outstanding. The new note was payable one day after date, and there was a forbearance implied for at least the one day. If there was a consideration, the law will not attempt to measure the amount thereof.

As said by Justice Wilmot in *Pillans* v. *Van Mierop*, Lang. S. C. L. Cont., p. 177: "The law does not weigh the *quantum* of the consideration. The suspension of plaintiff's right to call upon White for a compliance with his engagement is sufficient to support an action, even if it be the suspension of the right for a day only, or for ever so little a time." (See *Westphal* v. *Nevills*, 92 Cal. 545.)

There was no necessity for an express agreement to delay. The taking of the new note, payable at a future day, imposed upon the payee the duty of waiting until the maturity of the new note. (*Thompson* v. *Gray*, 63 Me. 230, and cases cited.)

Certain questions were asked and answered under appellant's objection, tending to show that the creditors of defendant L. H. Swain were not harassing or annoying her at the time the note was given; that the husband deeded the property to her for the purpose of avoiding probate proceedings; and that defendant L. H. Swain afterwards conveyed the property to her daughter. The evidence was proper under the circumstances. The appellant had signed the note and had not paid it. She had claimed, and was claiming, that there was no consideration for her signature. The fact that the liability was changed when the title to the property was changed certainly tended to show a consideration for signing the note. If the defendant L. H. Swain had transferred all her property to her daughter, and the daughter offered to and did sign the note in lieu of the note outstanding against the

mother, it tended to show a benefit conferred upon the daughter.

There is no merit in this appeal.

The judgment and order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., McFarland, J., Temple, J.