[S. F. No. 6901. In Bank.—February 15, 1915.]

JOHN F. KUNZ, Respondent, v. CALIFORNIA TRONA COMPANY (a Corporation), E. J. BOYES and LUCIEN SIMON, Defendants and Appellants; ROBERT B. PHILLIPS and A. L. AYERS, Defendants and Respondents.

JOHN F. KUNZ, Respondent, v. CALIFORNIA TRONA COMPANY (a Corporation), and E. J. BOYES, Defendants and Appellants; C. E. DOLBEAR Defendant and Respondent.

PROMISSORY NOTE—CONSIDERATION—MONEY BORROWED—EXISTENCE OF INDEBTEDNESS FROM PAYEE TO MAKER UNKNOWN TO LATTER.—A note executed for money borrowed is not without consideration, where, at the time of its execution, the payee has received and holds money belonging to the maker of the note in an equal or greater amount, without that fact being known to the maker of the note.

ID.—INDEBTEDNESS DUE TO MAKER OF NOTE ON OTHER CONTRACTS.—A note given for an amount due the payee from the maker on a certain contract is supported by a sufficient consideration, although the payee may owe the maker at the time more than the face of the note on other contracts.

ID.—EXISTENCE OF CROSS-DEMANDS—RULE AS TO MUTUAL EXTINGUISHMENT NOT APPLICABLE TO NEGOTIABLE INSTRUMENT AFTER BONA FIDE TRANSFER.—Section 440 of the Code of Civil Procedure, providing that "when cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated, so far as they equal each other, and neither can be deprived of the benefit thereof by the assignment or death of the other," is not intended to and does not affect the

negotiability of commercial paper, or the rights of *bona fide* trans-
ferees of such paper. An indorsee before maturity of a negotiable
instrument is presumed to be a *bona fide* holder for value.

Id.—Want of Consideration for Transfer—Irrelevant Evidence.—
Evidence that the attorney in fact of the indorsee, who signed for
him certain notices of dishonor of the notes sued on, was the law
partner of the indorsee and a nephew of the original payee, has
no relevancy or probative value in proof of the fact that there was
no consideration for the transfer of the notes to the indorsee.

APPEAL from judgments of the Superior Court of the
City and County of San Francisco and from orders refusing
a new trial. George E. Church, Judge presiding.

The facts are stated in the opinion of the court.

Perry Evans, for Appellants.

Arnold W. Liechti, for Plaintiff and Respondent.

THE COURT.—A further hearing in this court was
granted after decision by the district court of appeal affirming
the judgments and orders appealed from in the above actions.

Three separate suits were brought by plaintiff as transferee
of three different promissory notes to recover thereon, such
separate suits being necessary by reason of the different de-
fendants in each. The issues between the plaintiff and de-
fendants in each action being identical, the cases were tried
together. Judgment in each case was for plaintiff on the
note against the California Trona Company and some of the
other defendants and the latter appealed in each case from
the judgment and order denying their motions for new trials.
In two of these actions—those above entitled—the appeals
were taken directly to the district court of appeal as within
its appellate jurisdiction. The appeal in the other action was
taken originally to this court on account of the amount in-
volved, the California Trona Company having filed a cross-
complaint in that particular action making the payee of the
notes sued on a cross-defendant and asking judgment against
him for seven thousand five hundred dollars. The judgment
in that case was in favor of the plaintiff and also in favor of
the cross-defendant. By order of this court that appeal was
transferred to the district court of appeal. That court dis-

posed of the appeals in all three actions—the two above in one opinion and the appeal which was transferred to it from this court in a separate one. A further hearing was also granted in this court from the decision of the district court of appeal respecting the appeal last mentioned, but that matter will be considered by us separately. Addressing ourselves now to the appeals in the cases above entitled, a further consideration of them satisfies us that they were correctly disposed of by the district court of appeal and we adopt the opinion of that court written by Justice Kerrigan as a correct determination of the points there involved. That opinion is as follows:

"Plaintiff sued as a transferee in due course on three promissory notes dated respectively December 27, 1910, January 5, and January 17, 1911. The note of January 5th was for the principal sum of $500, and the two others were for $1000 each. All of the notes were executed by the defendant California Trona Company to the order of E. H. Merrill, as payee; but as each was indorsed by different parties three different actions were brought. These were consolidated for trial, and in each case judgment was given for the plaintiff. The maker and those indorsers against whom judgment was rendered have appealed from the several judgments and from orders denying motions for a new trial. In the action involving the note of January 5, 1911, the appeal was originally taken to the supreme court because of the amount involved. We shall in this opinion consider the appeals in the other two actions; and as the same questions are presented in each case we will, as counsel have, discuss them as though both notes were involved in the one action.

The only defense offered by the answer in each case is lack of consideration for the notes. In this behalf the answer alleges that on or about the date of the making of the note the payee, E. H. Merrill, "had and received on behalf of" the defendant California Trona Co. the sum of ten thousand dollars; that he has paid or accounted to it for only two thousand five hundred dollars; that of this amount one thousand dollars was paid on or about the date of the note in suit, and that the note was given upon the receipt of that amount "under the mistaken assumption of the officers of the said California Trona Co. that the said payment was a loan." In a proposed amended answer, which the trial court did not

permit to be filed, the defendants specified somewhat more particularly the circumstances of the alleged ''mistaken assumption'' by averring that at the time the note was given the defendants did not know Merrill to be at all indebted to the defendant company, and that the note was executed ''under the mistaken assumption that the said E. H. Merrill was at the date thereof not indebted to the California Trona Co.'' The answer also alleged on information and belief that the matters averred in it were known to the plaintiff before the notes were transferred to him, and that there was no consideration for such transfer.

There are various assignments of error in the exclusion of evidence, but these with one exception (which is hereinafter mentioned) relate to evidence intended to show that the payee was ''at or about'' the time of the execution of the notes indebted to the maker of them. The evidence shows that one of the notes at least was executed by the officers of the defendant company under express authority of a resolution of its board of directors, authorizing them to borrow one thousand dollars of Merrill, and to execute the note of the corporation therefor. It is not questioned that both were corporate acts.

The one question presented is, therefore, whether a note executed for money borrowed is without consideration where, at the time, the payee has received and holds money belonging to the maker of the note in an equal or greater amount, without that fact being known to the maker of the note.

In the opinion rendered upon the first hearing of this case (a rehearing having been subsequently granted) this question was answered affirmatively, upon the principle that the mere doing of that which one is legally bound to do is not consideration for a new promise. On further consideration, however, we do not regard that principle as determinative of the case presented by this record. Payment by Merrill of money which he owed to the California Trona Company would not be consideration for the execution of a note; but it was not payment of the pre-existing indebtedness unless so intended; and it is not claimed in this case that the money which the California Trona Company received from Merrill as consideration for the notes in question was delivered by him or received by it as payment of any indebtedness between the parties. Indeed the opposite is claimed. The money was

loaned by Merrill in consideration of the execution of the notes; and these were executed by the corporation in consideration of such loan. No fraud on the part of Merrill is alleged; and no lack of consideration for the notes would be shown by proof that Merrill was, at the time, indebted to the corporation in even a larger amount on another transaction. Where a note is given for an amount due the payee from the maker on a certain contract, this is a sufficient consideration for the note, although the payee may owe the maker at the time more than the face of the note on other contracts. (*Knox* v. *Clifford*, 38 Wis. 651, [20 Am. Rep. 28].)

It may be suggested that a different rule is established by section 440 of the Code of Civil Procedure, in providing that "When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated, so far as they equal each other, and neither can be deprived of the benefit thereof by the assignment or death of the other." Conceding that some of the evidence offered would have been admissible if a valid defense had been pleaded by the answer, we are of the opinion that the defense pleaded, as already stated, showed no lack of consideration for the notes, and that no claim of set-off was available under the pleadings in this action even if the evidence had been received. The date of accrual of the claimed liability from Merrill to the California Trona Co. is alleged only as "at or about the time" the several notes were executed, and the existence of that liability at the dates of the earlier notes is pleaded only by inference if at all. The evidence offered, so far as it discloses any dates, does not indicate the existence or admission of any liability prior to January 17, 1911, which is the date of the latest of the notes. But apart from these considerations, section 440 of the Code of Civil Procedure, is not intended to and does not affect the negotiability of commercial paper, or the rights of *bona fide* transferees of such paper. The plaintiff, being admittedly an indorsee before maturity of a negotiable instrument, was presumed to be a *bona fide* holder for value. (Civ. Code, sec. 3104; *Luning* v. *Wise*, 64 Cal. 410, [1 Pac. 495]; *Giselman* v. *Starr*, 106 Cal. 651, [40 Pac. 8]; *Palmer* v. *Goodwin*, 5 Cal. 458.) The answer, it is true, alleged on information and belief that he took with knowledge of the facts which

are relied upon as showing want of consideration for the notes, and that the transfer to him was without consideration. But no evidence was offered upon this allegation which was either relevant or worthy of consideration.

If want of consideration for the notes had been pleaded and proved, it might be that the burden would have been shifted to plaintiff to prove his *status* as a *bona fide* holder for value; but that defense, as we have seen, was not established.

The defendants sought to introduce evidence that the attorney in fact of plaintiff, who signed for him certain notices of dishonor of the notes, was the law partner of plaintiff and a nephew of Merrill, the original payee. Defendants' counsel stated that this was "offered as proof of the fact that there was no consideration for the transfer of the notes by Merrill to Kunz." It obviously had no relevancy or probative value on this issue, and was properly excluded. This being the only evidence offered in support of the allegations of the answer which negatived plaintiff's *status* as a *bona fide* holder for value, and there being, as we have seen, no pleading or proof of facts showing a want of consideration for the notes themselves, we see no error in the rulings of the trial court."

The judgments and orders appealed from are affirmed.