[Civ. No. 1851. Second Appellate District.—May 3, 1917.]

GEORGE HAY, Appellant, v. R. McDONALD, Respondent.

CONTRACT—"I. O. U." OF BANK CASHIER—EVIDENCE—OBLIGATION OF BANK—PAROL PROOF INADMISSIBLE.—An agreement for the payment of a commission on a sale of real property in the form of an "I. O. U.," signed "R. McD., Cashier," does not, when examined alone and for what it shows upon its face, evidence the contract of the bank of which the signer was cashier; and, in an action brought to enforce payment of the agreement, it is error to admit parol evidence to show that the contract was that of the bank and not that of the cashier.

ID.—CONTRACTS—PARTIES AND SIGNATURES—PAROL EVIDENCE.—Where, in the body of an instrument, no words appear which serve to define the agreement as being made on behalf of a party other than he whose signature is attached thereto, it will not be deemed to be the contract of another party, even though there may appear after the appended signature of the individual, qualifying or descriptive words, such as "president," "secretary," or "cashier." In such cases parol proof is admissible to identify the party against whom the obligation is legally chargeable.

ID.—ADMISSIBILITY OF PAROL EVIDENCE—EXTENSION OF LIABILITY TO PRINCIPAL.—The rule that where an agent contracts in terms not fully expressing his representative capacity, parol evidence is admissible to show that it was understood by the parties that another person was intended to be bound, or that there was a principal wholly undisclosed or unknown to the opposite party, does not operate to allow an agent who contracts apparently in his own name to relieve himself of liability, but is a rule which extends to the other party the option of also proving a charge under the contract against the real principal.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

C. L. Claflin, E. W. Owen, and J. W. Wiley, for Appellant.

Geo. E. Whitaker, and E. L. Foster, for Respondent.

JAMES, J.—Appeal from a judgment in favor of defendant and from an order of the trial court denying a motion for new trial. The action was brought to enforce payment of one thousand dollars on an alleged written promise of the defendant. The writing evidencing the alleged agreement was in the following form:

"Bakersfield, Mar. 29–07.
"I. O. U.
"One Thousand dollars on completion of sale of lots 3 & 4 in Block 273 in City of Bakersfield.

"R. McDONALD,
"Cashier."

It appears that plaintiff as an agent was attempting to effect a sale of certain real property which was owned by one Weill. Plaintiff had failed to make satisfactory terms with Weill as to the commission to be paid to him for his services, and learning that the Kern Valley Bank had authority in some contingency to sell the lots of land for the price of fifteen thousand dollars, proposed to the bank through McDonald, the cashier, that the sale be made through the bank for sixteen thousand dollars and that plaintiff be protected as to a commission in the amount of one thousand dollars. As evidence of this agreement for the payment of commission, the "I. O. U." above set out was made by McDonald. It will be noted that the Kern Valley Bank was not a party to this action. The court made findings, which are supported by the evidence, to the effect that plaintiff at all times knew that in the making of the contract by McDonald the latter was acting for the Kern Valley Bank of which he was managing agent and cashier. Further findings were made, however, to the effect that when Weill, the owner of the property, learned that the sale was to be made to a buyer represented by Hay, he threatened to refuse to complete the transaction, but offered to allow the bank to pay to the plaintiff the sum of four hundred dollars, which it is found the plaintiff agreed to accept, and that thereupon the property was sold and the purchase price paid; that thereafter

the Kern Valley Bank tendered to plaintiff the sum of four hundred dollars which the plaintiff refused to accept. The conclusions of law are brief and are as follows: "That the I. O. U. described was the contract of the Kern Valley Bank, and not that of the defendant; that the plaintiff knew and accepted said I. O. U. as the act and deed of the Kern Valley Bank; that the defendant is entitled to judgment."

The chief point raised here by the appellant is that the court erred in allowing oral evidence to be introduced to show that the contract was the contract of the Kern Valley Bank and not of the defendant. This finding of the court, which followed the proof so made, is claimed to be erroneous: "That the plaintiff did not at any of the times mentioned treat or negotiate with the defendant in his individual capacity; that the said plaintiff had all of said negotiations and transactions with the said Kern Valley Bank, and it was so understood and agreed by him." As we gather from the conclusions expressed by the trial judge, the judgment as entered depended for support upon that particular finding of fact which appellant attacks and which is quoted above. This case was here on a former appeal. (See *Hay* v. *McDonald,* 21 Cal. App. 204, [131 Pac. 74].) The trial judge there had granted a motion for nonsuit, after the plaintiff had introduced his evidence. The motion was granted upon the same ground as that which is made the basis for the judgment here, to wit, that the contract was not the contract of McDonald, but of the Kern Valley Bank. This court there said: "The written contract or memorandum in the form of an 'I. O. U.' cannot be said to evidence a contract of the Kern Valley Bank when it is examined alone and for what it shows upon its face. Where, in the body of an instrument, no words appear which serve to define the agreement as being made on behalf of a party other than he whose signature is attached thereto, it will not be deemed to be the contract of another party, even though there may appear after the appended signature of the individual, qualifying or descriptive words, such as 'president,' 'secretary,' or, as here, 'cashier.' In such cases parol proof is admissible to identify the party against whom the obligation is legally chargeable. (*Hobson* v. *Hassett,* 76 Cal. 203, [9 Am. St. Rep. 193, 18 Pac. 320]; *Southern Pac. Co.* v. *Von Schmidt Dredge Co., 118 Cal. 368, [50 Pac. 650]; McCormick* v. *Stockton etc. R. R. Co.,* 130 Cal. 100, [62 Pac. 267].)" It is a rule which

has been many times illustrated by the decisions that where an agent contracts in terms not fully expressing his representative capacity, parol evidence is admissible to show that it was understood by the parties that another person was intended to be bound, or that there was a principal wholly undisclosed or unknown to the opposite contracting party. In such cases such principal may be held. This rule, however, does not operate to allow an agent who contracts apparently in his own name to relieve himself of liability, but is a rule which extends to the other party the option of proving a charge under the contract against the real principal also. We find no difference in the decisions or statements of the text-writers on this subject. "Where an agent has entered into a contract which in terms charges himself, parol evidence is not admissible to discharge him by showing that he intended to charge the principal, but where the contract bears upon its face evidence that the person signing was in fact an agent, and where the contract is so framed as to render it uncertain whether the agent or the principal was intended to be bound, parol evidence may be received to show that it was the intention to bind the principal and not the agent. But although parol evidence may not in other cases be admissible to release the agent, it may be made use of to charge the principal. . . . And this doctrine applies as well to those contracts which are required to be in writing as to those to whose validity a writing is not essential." (1 Mechem on Agency, 2d ed., sec. 1176.) In *Hobson* v. *Hassett*, 76 Cal. 203, [9 Am. St. Rep. 193, 18 Pac. 320], the contracting party signed "A. Hassett, President." The court there, in discussing the subject pertinent to this case, said: "Professor Parsons says: 'If an agent make a note in his own name, and add to his signature the word "agent," but there is nothing on the note to indicate who is principal, the agent will be personally liable, just as if the word "agent" were not added.' " In *Southern Pacific Co.* v. *Von Schmidt Dredge Co.*, 118 Cal. 368, [50 Pac. 650], the court declared: "Thus the rule is well settled that where a reading of a simple contract, however inartificially it may be drawn, discloses that it is executed for or on behalf of a principal, or discloses an intent to bind such principal, or even leaves the matter one of doubt, parol evidence may be employed to determine whose contract it is, and this even in cases where the instrument is sufficiently clear in its terms to bind the

agent. This is not contradicting by parol the terms of a written instrument, for, as has been said, 'It is no contradiction of a contract, which is silent as to the fact, to prove that a party is acting therein not on his own behalf, but for another.' 'This does not deny,' said Parke, B., 'that it is binding on those whom, on the face of it, it purports to bind; but shows that it also binds another, by reason that the act of the agent, in signing the agreement in pursuance of his authority, is in law the act of the principal.' (Bishop on Contracts, sec. 1084.)'' As will be noted from the authorities to which we have called attention, while parol evidence in such a case as this is competent, it is not competent for the purpose of exonerating the signer from personal liability, but is competent for the purpose of extending the liability to other parties for whom the signer may have intended to contract and for whom he had authority to contract. Such is the rule which we deduce from a reading of the cases. We have noted that the court made a finding of an alleged compromise agreement by which it was asserted that the plaintiff agreed to accept the sum of four hundred dollars in lieu of the amount set out in the written instrument sued upon. The sufficiency of these facts found to establish a modification of the original agreement or a substituted or new agreement, is not argued in the briefs, and a consideration of those questions is not necessary to the decision in the case. However, it may be proper to suggest that under the facts found and alleged by the defendant, it would seem that such subsequent agreement was lacking in the essential of a sufficient consideration to make it of binding effect. The judgment of the court was plainly based upon the finding that defendant assumed no liability by the contract, but that the liability was rather that of the Kern Valley Bank. In this conclusion we think the court erred for the reasons stated.

The judgment and order are reversed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 3, 1917.