[Civ. No. 2156.  First Appellate District, Division One.—September 2, 1919.]

M. L. SIMPSON et al., Appellants, v. ELSIE SMITH, Respondent.

[1] PROMISSORY NOTES — CONSIDERATION — EXTINGUISHMENT OF PRIOR RIGHTS.—The extinguishment of a promissory note executed by the husband prior to his marriage, the consideration for which passed solely to him, constitutes a sufficient consideration for the promise of the wife to pay a new note executed by both of them.

[2] FINDINGS — EVIDENCE — APPEAL.—Every intendment should be indulged in favor of the findings of the trial court, and they should not be overthrown on appeal unless it clearly appears that the conclusions reached are without the support of substantial evidence.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Estep, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Fitzgerald, Abbott & Beardsley for Appellants.

L. R. Weinmann for Respondent.

BARDIN, J., *pro tem.*—Plaintiffs, who are husband and wife, brought this action to recover a judgment for the balance due of the principal and interest of a promissory note made by defendant and her husband, E. S. Smith, since deceased, dated April 20, 1912, and payable one day after date "to M. L. Simpson or S. E. Simpson." The defendant, who had judgment below, denies liability upon two grounds: (1) That there was no consideration for the promise of the defendant, and (2) that the signature of defendant to said note was procured under duress and through the undue influence of plaintiffs and the husband of the defendant.

The court found, in effect, among other facts, that the defendant did not, for value received, execute to the plaintiffs the promissory note sued upon; that the defendant had never received any consideration of any nature whatsoever for signing said promissory note; that there was no consid-

eration for defendant signing said note; and "that no detriment of any kind or nature was suffered by the plaintiffs . . . or either of them by reason of said instrument."

The affirmative allegations contained in defendant's answer relative to the charge that plaintiffs procured the defendant's signature to the note in question through duress and undue influence were adopted by the trial court in its findings as true, yet there is no evidence whatever in the record which sustains such findings. They are so clearly unsupported by the evidence that they were probably made through inadvertence.

From a review of the evidence adduced at the trial and which was believed by the trial court to warrant the finding that there was no consideration for the promise of defendant contained in the promissory note sued upon, we discover the following germane and uncontradicted facts:

[1] The note in suit was the outgrowth of the demands of plaintiff M. L. Simpson for the payment of a prior promissory note, then due and unpaid, made by the husband of defendant and presumably payable, as stated in respondent's brief, to both plaintiffs. The prior note was made previous to defendant's marriage, and the consideration therefor had passed solely to the said husband of defendant and she was not obligated in any manner under it. Under pressure of plaintiff M. L. Simpson for payment of the first note, or that its payment be secured, the note in suit was drawn, dated, and signed by the husband of defendant and he thereupon handed the note to defendant for her signature. Several days later, and after its maturity, she affixed her signature to the face of the note and returned it to her husband, who thereafter delivered it to the plaintiffs with the understanding that it replace the first note.

It does not appear from the evidence that the defendant participated directly in the arrangement whereby the antecedent debt was discharged by the execution of the new note, other than by signing the note in suit and delivering it to her husband. Some two years thereafter the present action was begun to enforce the payment of the balance due and unpaid on the note last executed.

It is contended by the defendant that, since the note in suit was not delivered until after its maturity, it became, in legal effect, a demand note which the parties might sue

upon as soon as delivered; and that, therefore, no detriment or prejudice was suffered by the plaintiffs, for there could be no enforceable forbearance to sue under the circumstances, and, that since the element of forbearance to sue was not present, there was no consideration for the promise of the defendant.

But this theory eliminates the real consideration for the execution of the note in suit. The consideration for the signature of the defendant to such note is not grounded upon the forbearance of either of plaintiffs to sue upon an antecedent debt, but instead, upon the extinguishment of the prior note of the husband of defendant. The relinquishment of all rights under that note constituted such a detriment and prejudice to the rights of the plaintiffs as to provide a sufficient consideration to support the promise of the defendant to pay the note sued upon. (*Stroud* v. *Thomas*, 139 Cal. 274, [96 Am. St. Rep. 111, 72 Pac. 1008]; *Lyon* v. *Robertson*, 6 Cal. Unrep. 390, [59 Pac. 990]; *Hobson* v. *Hassett*, 76 Cal. 203, [9 Am. St. Rep. 193, 18 Pac. 320]; *Miller & Lux* v *Dunlap*, 28 Cal. App. 313, [152 Pac. 309]; Civ. Code, sec. 1605.)

In *Stroud* v. *Thomas, supra,* the court used the following language: "The contention of the appellant that a pre-existing debt is not a sufficient consideration for the execution of a note, so far as the sureties thereon are concerned, where the obligation for the pre-existing debt is canceled upon the delivery of the new note, does not merit discussion. It is well settled that such a consideration is sufficient as a foundation for the promise of the sureties, as well as that of the principals."

Counsel for the respondent places undue reliance upon the cases of *Westphal* v. *Nevills*, 92 Cal. 545, [28 Pac. 678], and *Whelan* v. *Swain*, 132 Cal. 389, [64 Pac. 560]. We perceive nothing in those cases contained which is in disagreement with the views herein expressed. In *Westphal* v. *Nevills, supra,* it was held that the detriment to the plaintiff by reason of time given to make payment of an antecedent debt was sufficient consideration to support the promise of the appellant. The effect of the relinquishment of rights under an antecedent note or debt was not involved. And, in the case of *Whelan* v. *Swain, supra,* the consideration supporting a promissory note was based not only upon a for-

bearance to sue, but also because "the old note was surrendered."

[2] While we are aware that every intendment should be indulged in favor of the findings of a trial court, and that they should not be overthrown on appeal unless it clearly appears that the conclusions reached are without the support of substantial evidence, yet, in this particular case it clearly appears from the uncontradicted testimony adduced at the trial that the consideration for the signature of the defendant to the note sued upon was the relinquishment by plaintiffs of rights under the prior note referred to.

The findings of the trial court to the effect that there was no consideration for the execution of the note in suit by the defendant is without sufficient support in the evidence. The resulting judgment cannot, therefore, be upheld.

Judgment reversed and a new trial ordered.

Richards, J., and Waste, P. J., concurred.