[L. A. No. 11079. In Bank.—March 16, 1931.]

C. A. STOCKTON, Appellant, v. G. O. HUGHES et al.,
Respondents.

Leland S. Davidson and A. D. Mitchell, for Appellant.

No appearance for Respondents.

THE COURT.—This action is one for the foreclosure of a mortgage upon real property brought by the plaintiff who sues as the transferee of the note and mortgage from the mortgagees before maturity. The answer of the defendants admitted the due execution and delivery of the note and mortgage and the nonpayment thereof. The defendants, however, denied that said instruments had been assigned to

the plaintiff or that he was the owner thereof, and further denied that he was an innocent purchaser for value. The answer then proceeded to affirmatively allege that there was no consideration for the making and execution of the note and mortgage. The trial court found that the note and mortgage were duly executed and delivered and were purchased by and assigned to the plaintiff before maturity. The court, however, further found that the assignment was not made for value or in the ordinary course of business; that the consideration therefor had wholly failed and that the plaintiff was not an innocent purchaser, but took the note and mortgage with all the equities existing between the mortgagor and mortgagees. As a conclusion of law from the foregoing findings the trial court held that the plaintiff was not entitled to recover upon the note or to have the mortgage foreclosed. From the judgment entered thereon the plaintiff has prosecuted this appeal and has filed his opening brief herein and an appendix containing the reporter's transcript.

The appellant contends that the findings of the trial court to the effect that the transfer of the note and mortgage to him was not made for value nor in the ordinary course of business, and the further finding that he was not an innocent purchaser, but took the note and mortgage subject to all the equities existing between the mortgagor and mortgagees, are entirely unjustified by the evidence in the case; but that, on the contrary, the evidence conclusively shows that he was the purchaser of the note and mortgage in due course and for value, and without notice of any infirmity or defect therein or in the consideration therefor, and that from these premises it follows that he took said instruments free from any equities or infirmities that may have existed between the original parties thereto. The appellant in support of these contentions refers the court to the particular portions of the evidence in the case upon which he relies, and to the reporter's transcript which accompanies his brief. The respondents have presented no brief herein, although their attention has expressly been called to their failure so to do by the clerk of this court, and although an order to show cause was issued and duly served upon them requiring them to present such brief, and giving them notice that unless they did so

the cause would be submitted for decision upon the appellant's brief on file. The cause has accordingly been submitted for decision. We have carefully examined the record and we are satisfied therefrom that the several contentions of the appellant above noted should be sustained. The undisputed evidence shows that the note and mortgage in question were given by the respondent G. O. Hughes to the plaintiff's assignors as first payment upon a herd of cattle. They are in form negotiable. (Civ. Code, sec. 3265.) They were transferred to the plaintiff before maturity or default. The consideration for their transfer was that of the payment by the mortgagees to plaintiff, *pro tanto*, of an antecedent indebtedness amounting approximately to $8,000. That such pre-existing debt constituted a sufficient consideration for the transfer of these negotiable instruments, the authorities uniformly hold. (19 Cal. Jur. 839; Civ. Code, sec. 3106; *Popp* v. *Exchange Bank*, 189 Cal. 296 [208 Pac. 113]; *Kung* v. *California Trona Co.*, 169 Cal. 348 [146 Pac. 883]; *Bridge* v. *Connecticut Mut. Life Ins. Co.*, 167 Cal. 774 [141 Pac. 375]; *Hart* v. *Church*, 126 Cal. 471 [77 Am. St. Rep. 195, 58 Pac. 910, 59 Pac. 296]; *Westphal* v. *Neville*, 92 Cal. 545 [28 Pac. 678].) It follows necessarily, therefore, that the plaintiff, if otherwise an innocent purchaser of these negotiable instruments, was the holder thereof for value and in the ordinary course of business, and that the findings of the trial court to the contrary are without support in the evidence.

 The only remaining question presented is as to whether there is sufficient evidence to support the further finding to the effect that the plaintiff was not an innocent purchaser of these instruments. The only evidence which we are able to find in the reporter's transcript touching this question consists of the testimony given by the son of the mortgagor, who testified that after the execution of these instruments, but before their maturity and transfer to the plaintiff, he had held a conversation with the mortgagee King, wherein he complained of the cattle transaction in the course of which the note and mortgage had been given, and said that his father and he wanted to have the note and mortgage back. The witness stated that *he thought* Mr. Stockton was present in the room with a number of other people when this conversation was held, but that he

did not know whether Mr. Stockton heard the conversation. The plaintiff positively denied being present upon the occasion referred to, or hearing any such conversation, and also testified most positively that he was entirely unaware of any infirmities in said instruments at the time of their transfer to him. In this state of the record it would seem to be clear that the finding of the trial court that the plaintiff was not an innocent purchaser for value and without notice as to any infirmities to the instruments in question is unsupported by the evidence in the case.

It follows that the judgment must be reversed, and it is so ordered.