[No. 3,089.]

## JOHN A. CARDINELL *v.* J. P. O'DOWD, P. J. Mc-MAHON, M. NOLAN, AND PATRICK· DURKIN.

STATEMENT ON APPEAL.—A statement made in view of a motion for a new trial may be considered on an appeal from the judgment, if the parties stipulate "that the statement may be used as settled statement on motion for new trial and on appeal to the Supreme Court."

APPLICATION OF PAYMENTS MADE ON INDEBTEDNESS.—If a party who is indebted on several promissory notes, all held by the same person, makes a payment of money to the holder and directs it to be applied on one of the notes, but the holder applies it on other notes than the one directed, and the payor afterwards acquiesces and takes the notes upon which the application was made, this is a ratification of the application made by the creditor.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The note sued on was given for seven hundred and eighty dollars, but the complaint alleged that there was due on it four hundred and fifty-eight dollars and thirty-five cents, with interest from October 6th, 1869, at one and one quarter per cent per month.

Judgment was rendered for the defendants December 8th, 1870, and the plaintiff appealed from the judgment. The statement filed contained this heading:

"Statement on motion for a new trial and on appeal, should said motion be overruled."

The other facts are stated in the opinion.

*Quint & Hardy,* for Appellant.

It may be conceded that a debtor at the time of making a payment has the right to direct as to the particular indebtedness to which such payment shall be applied; but when the creditor does not so apply the payment, but does subsequently make an application which is acquiesced in and agreed to by the debtor, he is bound by the application made with his assent and concurrence. (American Leading Cases, p. 288, and cases there cited; *Sturgis* v. *Robbins,* 7 Mass. 301; *Brewer* v. *Knapp,* 1 Pick. 332; *Logan* v. *Mason,* 6 Watts and Serg. 9; *Moss* v. *Adams,* 4 Iredell Eq. 42.)

*J. C. Bates,* for Respondents.

The cases cited by appellant have not the slightest application to the facts of this case.

"A party paying is not allowed so to appropriate as to effect the relative right of his sureties." (Parson on Bills and Notes, pp. 222, 223; *Merrimack Co. Bank* v. *Brown,* 12 N. H. 320; *Myers* v. *United States,* 1 McLean, 493; *Postmaster General* v. *Norvell,* 1 Gilp. 106.)

And *a fortiori* such party would not be allowed subsequently to do any act by way of acquiescence or ratification to revive the liabilities of his indorsers or sureties.

By the Court, BELCHER, J.:

The objection that the statement was made in view of a motion for a new trial and therefore cannot be considered on an appeal from the judgment, is not well taken. The parties stipulated that the statement might be "used as settled statement on motion for new trial and on appeal to the Supreme Court." It was held in *Hastings* v. *Halleck*, 13 Cal. 203, that a similar stipulation was "sufficiently broad to include any appeal which plaintiff should elect to prosecute in the cause."

The action is upon a promissory note, and the defendants plead payment made by Nolan. At the time of the alleged payment the note was held by the City Bank of Savings, Loan, and Discount, as were also three other notes upon which Nolan was liable as maker or indorser. In September Nolan paid to the bank four hundred dollars, and in October, five hundred dollars. He instructed the clerk who received the money, he says, to apply the payments on the note in suit, so far as was necessary to pay it in full, and the balance on the other notes. All of the four hundred dollars was applied to the payment of the other notes, and a portion of the five hundred dollars. The other notes were delivered up to him, but according to his testimony, not till December, when he says: "I did not want to accept them, but he put them on the counter and I took them away."

Murphy, a witness on the part of the plaintiff and President of the bank, testified that "Nolan came in with either four hundred dollars or five hundred dollars, and he wanted to pay some money on this note; I asked why he did not pay his own notes; he then took one or two of his own notes;

Kenny handed me his notes; I think it was two; I saw him take the notes at the time the money was paid; think it was in September or October; I don't know whether it was four hundred dollars or five hundred dollars he paid at the time; I cannot state whether it was the first or second payment the other notes were delivered." On cross-examination he said: "I think it was about the first of October; I recollect I was in the bank and saw Nolan paying once; all his notes were then handed, in my presence, to him."

There was other testimony tending to show that Murphy was not present when the second payment was made.

Counsel for plaintiff asked the Court to instruct the jury in reference to the first payment of four hundred dollars, "That if, at the time said payment was made by Nolan, it was paid on other notes and the notes given up to him at the time, then no part of said four hundred dollars could apply on this note. And that though Nolan did direct the application of this money to the payment of the note in question, yet that the holder did not so apply it, but applied it to the payment of other notes against Nolan, and he afterwards received it, and acquiesced in such application, and took and received the notes upon which such application was made and paid. Then, and in that event, it would be a ratification of the application made by the creditor."

The Court refused to give the instruction, and this is the principal error relied on for a reversal of the judgment.

It is clear that the first portion of the proposed instruction, if it had stood alone, and there was testimony to warrant it, should have been given. Counsel object that there was no such testimony, but they overlook the testimony of Murphy, which at least tended to show the exact state of facts supposed.

The rule invoked in the second proposition of the instruction is thus stated by Mr. Greenleaf: ."After a payment has been rightfully ascribed to one of several debts, it is not in

the power of either party alone to change it. But if both parties consent, the ascription may be changed to another; in which case the indebtment discharged by the former appropriation of the money is revived." (2 Greenl. Ev., Sec. 532 a.)

We think the instruction should have been given as asked. Judgment reversed and cause remanded for a new trial.