[No. 14733.     Department Two. — November 14, 1892.]

ALBERT HANSON, APPELLANT, v. STEPHEN COR-
DANO ET AL., RESPONDENTS.

APPLICATION OF PAYMENTS — CREDITOR'S KNOWLEDGE OF DEBTOR'S INTENT
— MANIFESTATION OF INTENT. — Where it appears that at the time pay-
ments were made by a debtor to his creditor, the debtor intended them
to be applied upon a specific obligation, and the creditor "well knew"
that the debtor so intended, nothing further is required to fix the appli-
cation of the payments, and the mode by which the debtor manifested
his intention in such case is immaterial.

APPEAL from a judgment of the Superior Court of
Santa Clara County.

The facts are stated in the opinion of the court.

*William H. Jordan, T. C. Van Ness,* and *L. A. Red-
man,* for Appellant.

*S. F. Leib,* for Respondents.

McFARLAND, J. — This is an action for the enforce-
ment of a material-man's lien. The court below ren-
dered judgment for defendants; and the plaintiff ap-
peals from the judgment upon the judgment roll, there
being no bill of exceptions.

The court found that the amount of money for which
appellant claims a lien had been fully paid and satisfied;
and the main question in the case is about the applica-
tion of certain payments.

The facts necessary to be stated, as they appear in the
findings, are these: The respondent Cordano, being the

owner of certain land, made a written contract with one MacBain, by which the latter, for the sum of seven thousand one hundred dollars, was to construct a building on said land. The contract was recorded, as required by section 1183 of the Code of Civil Procedure. MacBain bought of Charlés Hanson lumber and materials of the value of $1,879.75, to be used in, and which were used in, the construction of said building. During the course of the construction of the building, Cordano made several payments of money to MacBain upon said contract; and of the identical money so paid by Cordano to Mac-Bain, the latter paid to Hanson the full amount due him for said lumber and materials. Cordano, supposing that all demands and liens had been satisfied, paid the balance of the contract price to MacBain a short time before the expiration of thirty-five days after the completion of the building. But Hanson afterwards claimed that MacBain did not make any application of the payments made by him to Hanson, and that he, Hanson, applied said payments, except $506.09, to a former debt owing to him by MacBain. Hanson filed a lien for the alleged balance due, viz., $1,318.66. He assigned the lien to the plaintiff, Albert Hanson.

As there is no evidence before us, we must be governed entirely by the findings of the court. The business was done with and the payments made to a certain agent of Hanson, and the finding of the court on the point in question is as follows: " That said agent, at the several times he received said three payments hereinbefore found from said MacBain, well knew that said moneys were paid by said Cordano on said contract to said MacBain, and that said MacBain intended said payments to be applied on account of said lumber and materials so furnished for said building, and that he, MacBain, believed that they were being so applied by said Charles Hanson and his said agent." It appears, therefore, from the finding, that at the times when the payments were made, the debtor intended them to be applied upon the indebtedness incurred for the materials

furnished for the Cordano building, and that the creditor "well knew" that the debtor so intended.    Nothing further was necessary to fix the application.    The code merely provides that "the intention or desire of the debtor that such performance should be applied to the extinction of any particular obligation be manifested to the creditor"; and the mode by which the debtor in the case at bar manifested his intention is immaterial, provided that "at the time" he intended to make a particular application, and the creditor "well knew" it.

This view of the case makes it unnecessary to notice the point that the lien was not filed in time, or any of the other points made by the respondents.

Judgment affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.