116  613
139  276

---

[Sac. No. 155.   Department Two.—April 28, 1897.]

## O. SCRIBNER, RESPONDENT, *v.* W. F. HANKE, APPELLANT.

PROMISSORY NOTE—CONSIDERATION — SURRENDER OF NOTE EXECUTED BY ANOTHER.—The surrender of a note executed by a different maker is a sufficient consideration to uphold a new note executed by other makers to the payee of the surrendered note.

ID.—INDORSEMENT—VALUE—FINDING — RIGHT OF ACTION BY HOLDER.— An indorsement of a note by the payee is sufficient, in the absence of evidence to the contrary, to sustain a finding that it was, for a valuable consideration, duly assigned and transferred to the plaintiff; and the plaintiff may maintain an action thereon, in his own name, as the legal owner and holder thereof, irrespective of consideration.

ID.—FINDING—AVERMENT OF ANSWER.—An averment in the answer of the defendant justifies a finding against him of the fact averred.

ID.—CONSISTENCY OF FINDINGS—CONSIDERATION OF NOTE—ACCOMMODATION NOTE.—A finding that a note of another person was surrendered in part consideration of a new note executed by two other makers, and another finding that the making of such note was for and on behalf of and as an accommodation to the maker of the surrendered note, who was a personal friend, are not inconsistent; the one finding merely showing the consideration yielded up by the payee on the making of the note, and the other finding showing the friendly relation which operated as an inducement for making a note in security for the debt of another.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. E. W. RISLEY, Judge.

The facts are stated in the opinion.

*Frank H. Short,* for Appellant.

*J. P. Meux,* and *Meux & Johnston,* for Respondent.

SEARLS, C.—This action was brought to recover upon a promissory note made March 16, 1894, by appellant

and Edwin Morris, for four hundred and fifty-seven dollars and fifty cents, and payable one day after date to Joseph Huber or order, and indorsed to the respondent herein. Morris made default. Appellant Hanke answered the complaint. The answer is in some respects *sui generis*.

It admits making the note, denies that there is anything due thereon, etc., and then for a separate answer defendant Hanke avers that on or about the 16th of March, 1894, he took and received from W. D. Demming a bill of sale of certain saloon property in the town of Sanger, etc.; that he paid nothing therefor, and never became the owner thereof; that he took said bill of sale at the request of Huber and at the same time and place with the giving of the note, and that the note was made at the instance and request of Huber; that the note in suit was given apparently to evidence an amount then and prior thereto due and owing from Demming to Huber upon a promissory note, and that it was expressly understood and agreed between all the parties that Hanke would receive the bill of sale and sign the note with Morris for the benefit of Huber.

The answer further avers that he never received any consideration for signing the note, and avers that it was agreed between defendant Hanke and said Huber that said Hanke " should never be required to pay anything on account of said promissory note," or of said principal, or the interest or costs, etc.

Defendant further avers that plaintiff took the note after maturity for collection only, and paid no consideration therefor, and had knowledge of all the facts.

The cause was tried by the court without a jury, and upon the written findings filed judgment was entered in favor of plaintiff. Defendant Hanke appeals from the judgment and from an order denying his motion for a new trial.

The first point made by defendant for reversal is that there was no consideration for the note in suit. There was evidence on the part of plaintiff tending to show

that one W. D. Demming, at and prior to the date of the note, owned and conducted a saloon at Sanger, and had given his promissory note to Joseph Huber for beer before that time furnished him by Huber. This note was for say four hundred and fifty-seven dollars. Demming sold a half interest in his saloon to one E. Morris.

Huber complained to Demming that he had sold while owing him, and received as collateral security for the payment of his note another note taken by Demming from Morris. Subsequently Huber, being urgent for his money, was told by Demming that defendant Hanke, who was a friend of Demming, would purchase and run the saloon if Huber would take his note for the amount due him.

Thereupon Hanke and Morris made the note to Huber involved in this action. Huber surrendered up his note against Demming and the Morris note held as collateral, and Hanke received a bill of sale of Demming's interest in the saloon. The firm name in the saloon, which had been Demming & Morris was changed to Morris & Co. The promissory note was indorsed and transferred to plaintiff, and has not been paid.

The theory of defendant's testimony may be briefly stated thus: Demming was owing Huber, who was anxious about his pay; at his request and for his benefit Demming transferred his interest in the saloon to Hanke, and the latter and Morris gave the note in question. Huber assured them that they would never be called upon to pay the note or any part of it. Hanke never took possession of or exercised any acts of ownership over the saloon.

There being a substantial conflict in the evidence, the action of the court below will not be disturbed upon the ground that the findings are unsupported by the evidence.

1. The surrender by Huber of his note against Demming was a sufficient consideration to uphold the new note by Hanke and Morris.

2. The note in suit having been duly indorsed by Huber to plaintiff Scribner, such indorsement was sufficient, in the absence of all evidence to the contrary, to warrant the court in finding that the note was for a valuable consideration duly assigned and transferred to plaintiff.

3. The note having been regularly indorsed entitled plaintiff to maintain an action thereon in his own name as the legal holder and owner irrespective of consideration.

It is not expressly so stated in the record, but seems conceded, nevertheless, that the indorsement of the note was after maturity, and hence that defendant could interpose any defense against the holder which he could have done against the original payee. This right was accorded defendant, and he failed by reason of not sustaining his attempted defense.

4. Whether defendant Hanke did or did not take the bill of sale from Demming was of no importance, but the court was justified in finding that he did, for the reason that in his answer he so affirmed.

The allegation of the answer is as follows; "For a further and separate answer and defense herein, the defendant, W. F. Hanke, alleges that heretofore, to wit: on or about the sixteenth day of March, 1894, at the county of Fresno, state of California, this defendant W. F. Hanke, took and received from W. D. Demming a bill of sale of certain saloon property, furniture, and fixtures in the town of Sanger, county of Fresno, state of California."

5. The court found that as a part of the consideration of the bill of sale from Demming and the making of the note in suit Huber surrendered to Demming a prior note held against him, etc.

The court again finds that the making of the note in suit was for and on behalf of and as an accommodation to said Demming, who was Hanke's personal friend.

We see no foundation whatever for the statement of

counsel for appellant that these two findings are conflicting. The first shows the consideration yielded up by Huber on the making of the note.

The second shows the friendly relations existing between Demming and Hanke as an inducement for his making a note in security for the debt of the former.

The other objections are not more formidable than those mentioned and do not call for especial mention.

We recommend that the judgment and order appealed from be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.