(21 Misc. Rep. 311.)

### KELLY v. THEISS.

(Supreme Court, Appellate Term. October 1, 1897.)

1. PROMISSORY NOTES—INDORSEMENT—CONSIDERATION.

Where a creditor accepts his debtor's note in payment, on the strength of an indorsement made for that purpose, his relinquishment of his right to proceed against the maker upon the pre-existing debt furnishes a consideration, as against the indorser, though the note is payable on demand.

2. SAME—VARIANCE BY PAROL—TIME OF PAYMENT.

A complaint in an action by the payee against the indorser of a note alleged that the note was payable on demand, that the indorsement was made to induce the plaintiff to extend the maker's credit on an existing indebtedness, that plaintiff accepted it for such purpose, and that the credit was accordingly extended. *Held* not open to demurrer on the ground that it affirmatively showed lack of consideration for the indorsement. The terms of the note would not preclude plaintiff from showing that payment of the debt was not to be enforced for a stipulated time, and it is to be presumed that a reasonable time, to be measured by the circumstances of the case, was intended.

Appeal from city court of New York, general term.

Action by Bridget M. Kelly against Katie Theiss and others to recover on an indorsement of a note. A judgment overruling a demurrer to the complaint as frivolous, and awarding the relief asked for by plaintiff, was affirmed by the general term of the city court (44 N. Y. Supp. 1121), and defendant Theiss appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Fromme Bros., for appellant.

Arthur J. Westermayr, for respondent.

BISCHOFF, J. The action was upon a promissory note dated June 3, 1896, made by George Theiss and John Henry Theiss, indorsed by the defendant Katie Theiss, and payable to the order of the plaintiff on demand after date. The complaint averred the delivery of the note, indorsed as stated, before maturity, and in payment of a pre-existing debt of the makers; that at the time of the indorsement and delivery the defendant Katie Theiss intended to be bound for the payment of the note at maturity, and to induce the plaintiff, in consideration therefor, to extend the makers' credit; and that the note so indorsed was accepted by the plaintiff, and the makers' credit thereby in fact extended. A demurrer for insufficiency in substance was interposed to the complaint in behalf of the defendant Katie Theiss; the particular burden thereof being, as claimed, that it affirmatively appeared from the complaint, the note being payable on demand, that there was no forbearance of the makers' pre-existing debt, and hence that there was no consideration for the indorsement. Upon the hearing the demurrer was adjudged to be frivolous, and a recovery awarded to the plaintiff for the amount of

47 N.Y.S.—10

the note. The judgment so rendered was affirmed in the court below, and from such affirmance this appeal was taken.

No argument is required to show the appellant's position to be untenable. A bare perusal of the complaint, or allusion to its contents, demonstrates a consideration for the indorsement. It is alleged, and the demurrer admits (Cutler v. Wright, 22 N. Y. 472), that the note was indorsed and accepted in extinguishment (that is to say, payment) of a debt owing from the maker at the time. Obviously, an inquiry is not to be made touching the adequacy of the consideration, but whether or not there was any consideration; and that the relinquishment of a right to proceed against the makers upon their pre-existing debt furnished a consideration is clear upon principle and authority. 18 Am. & Eng. Enc. Law, 167; Noel v. Murray, 13 N. Y. 167; Carter, Rice & Co. v. Howard, 17 Misc. Rep. 381, 39 N. Y. Supp. 1060. Viewing the complaint, however, in the aspect assumed for the appellant, that the indorsement was accepted as a mere security for the payment of the makers' debt, the allegations likewise import a consideration. It is alleged that the indorsement was made to induce the plaintiff to extend the makers' credit, that it was accepted for such purpose, and that the credit was accordingly extended. That the note was by its terms payable on demand did not conclude the plaintiff from showing by proper evidence that payment of the debt was not to be enforced for a stipulated time. The note did not contain all of the agreement under which it was given and accepted; and, though no definite time for forbearance of the date was agreed upon or stated, it was still to be presumed that a reasonable time, to be measured by the circumstances of the case, was intended. Traders' Nat. Bank v. Parker, 130 N. Y. 415, 29 N. E. 1094.

The judgment should be affirmed, with costs. All concur.