[Civ. No. 1530.   First Appellate District.—August 27, 1915.]

MILLER & LUX, Incorporated (a Corporation), Respondent, v. GEORGE T. DUNLAP et al., Appellants.

ACTION ON PROMISSORY NOTE—EVIDENCE—ADMISSIONS OF ANSWER—DUE EXECUTION AND NONPAYMENT.—In an action upon a promissory note, where the answer does not deny the execution of the note, no evidence thereon is necessary; nor is it necessary to introduce the note in evidence to prove its nonpayment, as the burden of proof of pay-

ment is upon the defendant, although nonpayment must be alleged in the complaint.

Id.—Consideration—Surrender of Old Note.—A note executed by the owners of all the stock of a corporation in consideration of the surrender of another note executed by the corporation is supported by a sufficient consideration, as the stockholders are personally liable under our statute for payment of the corporation's note; and an agreement at the time of the surrender of the old note on the part of the payer to forbear to sue until the maturity of the note is also a sufficient consideration.

Id.—Evidence—Harmless Error.—In such a case the exclusion of a ledger from evidence, if error, is harmless, where a witness who knew all about the transactions recorded therein testified fully concerning them, using the ledger to refresh his memory.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge.

The facts are stated in the opinion of the court.

Sterling Carr, for Appellants.

Edward F. Treadwell, and Laurence J. Kennedy, for Respondent.

THE COURT.—This is an appeal from the judgment, and is taken by what is commonly called the "new method."

The plaintiff rested its case upon the pleadings. The promissory note, upon which the action was founded, was not offered in evidence; neither was any evidence of its nonpayment given. The execution of the note was not denied in the answer of the defendants; consequently no evidence of its due execution was necessary. Nor was it necessary to introduce the note in evidence to prove its nonpayment. The allegation of nonpayment is a negative allegation, which plaintiff was not required to prove. (*Melone* v. *Ruffino,* 129 Cal. 514, [79 Am. St. Rep. 127, 62 Pac. 93].) There the court held that the allegation of nonpayment of a debt sued upon, though necessary to make the complaint perfect, need not be proved, but that the burden of proof of payment is upon the defendant, and that where the debt sued upon is proved within the statute of limitations, in the absence of proof of payment a finding of the nonpayment alleged is sufficiently sustained.

Defendants next contend that the evidence does not sustain the finding of the court that there was a consideration for the giving of the note. They also contend that the evidence likewise fails to support the court's finding that the note was not given as a guarantee.

It appears that on the thirty-first day of December, 1902, the South Santa Clara Fruit Drying and Packing Company was indebted to Miller & Lux, Incorporated, in the sum of $15,436.55. At the request of Miller & Lux a note was given therefor by the Packing Company in favor of Henry Miller, of that firm, for the reason, as stated by Mr. Miller, that he desired to assume responsibility therefor, and in order to carry out the desire of Mr. Miller in this behalf the necessary entries were made in the books of account of the packing company and of Miller & Lux. Subsequently, on July 1, 1903, the note was surrendered, and a new note given payable one day after date, signed by the defendants here and two other persons. On December 31, 1907, this note was likewise surrendered and the note in suit was given to the Las Animas & San Joaquin Land Company, which had in the mean time succeeded to the rights of Henry Miller. This note was signed by the defendants in this case. It was given for the amount due on the previous notes and was signed by the defendants at the request of Mr. Miller. The defendants were the owners of all of the capital stock of the packing company.

It is not questioned that the first note was supported by a sufficient consideration, and it appears obvious to us that since the note in suit was given in consideration of the surrender of the old notes of the packing company, it too is supported by a sufficient consideration. (*Scribner* v. *Hanke,* 116 Cal. 613, [48 Pac. 714]; *Stroud* v. *Thomas,* 139 Cal. 274, [96 Am. St. Rep. 111, 72 Pac. 1008]; *Kelley* v. *Theiss,* 21 Misc. Rep. 311, [47 N. Y. Supp. 145].) Moreover, as we have seen, the defendants who signed the note were the owners of all of the stock of the packing company, and as such stockholders they were personally liable under our statute for the payment of the note. Such obligation on their part was a sufficient consideration for the new note. (*Hobson* v. *Hassett,* 76 Cal. 203, [9 Am. St. Rep. 193, 18 Pac. 320]; *Fulton* v. *Loughlin,* 118 Ind. 286, [20 N. E. 796].)

It appearing from what has just been said that the note was given as much for the debt of the defendants as for that

of the packing company, we take it that it is clear that the finding of the court that the note was not given as a guarantee is sustained by the evidence, but even if it were so given, and regarding the defendants therefore as guarantors, still we cannot agree with them that in that event the note is not supported by a sufficient consideration. It was given, as appears, upon the surrender of the note of the original debtor, and, according to the terms of the note, the payer thereof was to forbear to sue until the maturity of the note, which circumstances themselves constitute a sufficient consideration. (*Scribner* v. *Hanke*, 116 Cal. 613, [48 Pac. 714]; *Stroud* v. *Thomas*, 139 Cal. 274, [96 Am. St. Rep. 111, 72 Pac. 1008]; *Kelley* v. *Theiss*, 21 Misc. Rep. 311, [47 N. Y. Supp. 145].)

Upon an objection by the plaintiff the court excluded a ledger on one page of which were three items the total of which made up the amount of the alleged setoff or counterclaim. These items appear to have been added to the account after it was balanced and closed; there was no showing that the entries were original, or transferred or repeated from another book to the ledger under such circumstances that they might themselves be regarded as original. (Code Civ. Proc., sec. 1947.) However, since the witness who knew all about these transactions so recorded in the ledger testified fully concerning them, using apparently the ledger to refresh his memory, it is clear that if it were error to exclude the ledger the action of the court in this respect was entirely harmless.

What we have just said concerning the refusal to admit the ledger in evidence disposes, in effect, of the question as to whether or not the trial court committed error in refusing permission to defendants to amend their answer and cross-complaint.

The judgment is affirmed.