[L. A. No. 4626.    Department Two.—January 31, 1919.]

## HAMMOND LUMBER COMPANY (a Corporation), Appellant, v. B. FANTA et al., Respondents.

BUILDING CONTRACT—ASSIGNMENT OF PAYMENT TO BECOME DUE—RIGHTS OF TRANSFEREE SUBJECT TO EQUITIES OF OWNER.—Where a building contractor makes an assignment to a corporation furnishing lumber for the building, and for other buildings in course of construction by the contractor, of a certain payment under the contract which is not then due, and the owner accepts the assignment, and when the payment becomes due pays the same to the assignee, equity will apply such payment to the material furnished by the assignee for such building, and not to the satisfaction of a general debt owing by the contractor to the lumber company, since the case is not ruled by section 1140 of the Civil Code relating to a present sale of personal property, but the facts present a case of the transfer of a non-negotiable obligation where the right of the transferee is subject to the equities of the owner under sections 1458 and 1459 of the Civil Code.

APPEAL—CONFLICT OF FINDINGS—WHEN POINT NOT REVIEWABLE.—Upon an appeal from a judgment and order denying a new trial, a suggested conflict in the findings will not be considered, where the point is raised for the first time in the appellate court.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Grant Jackson, Judge.    Affirmed.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellant.

Smith, Miller & Phelps, Kenton A. Miller, Frederick W. Smith, Benjamin E. Page, Arthur C. Hurt, and Arthur F. Coe, for Respondents.

MELVIN, J.—Hammond Lumber Company, one of the plaintiffs in a consolidated action by lien claimants, being dissatisfied with the amount of the judgment entered in its favor, appeals therefrom and from an order denying its motion for a new trial.

There is but one question in this appeal, depending for solution upon the construction to be given to a certain assignment.

B. Fanta was the owner of real property upon which a building was being erected.   J. M. Thomas was his contractor, and appellant was furnishing lumber not only for the house on Fanta's property but for other buildings in course of construction by Thomas as a contractor.   Before the fourth payment was due Thomas from Fanta under their contract, the former took to the latter an assignment written on paper bearing the letter-head of the Hammond Lumber Company.   This was in the following words and figures:

"Sept. 13, 1912.

"For value received, I hereby assign all right and title to the fourth payment due on the B. Fanta job at 10th and Union to the Hammond Lumber Company, this payment being due on or about the first day of October, 1912.

"J. M. THOMAS."

After conference with his architect, Mr. Fanta signed upon the instrument a certain indorsement which was then as follows:

"I hereby accept the above assignment, and agree to pay the money as assigned when due.

"B. FANTA."

The testimony of appellant's witnesses was to the effect that upon the strength and security of this assignment the corporation loaned to Mr. Thomas two thousand dollars, taking his note for that sum.   When the fourth payment on the building contract became due, Mr. Thomas and Mr. Anderson, the latter representing the Hammond Lumber Company, called upon Mr. Fanta, who, having the architect's certificate that the payment was due, gave his check in favor of the contractor for two thousand dollars.   This was immediately indorsed payable to the Hammond Lumber Company and the assignment was surrendered to Mr. Fanta with a receipt thereon signed by Hammond Lumber Company.   Mr. Fanta testified that he never heard of the loan and the contractor's note until after the indorsement and transfer of his check, and that he signed his acceptance of the assignment of the fourth payment on the contract to the Hammond Lumber Company upon the contractor's assurance that it was made to cover delivery of lumber by the Hammond Lumber Company to be used in the construction of his building.   In this he is contradicted by Mr. Thomas, but the conflict is not one which this court is en-

titled to resolve by a conclusion based upon belief in the testimony of one rather than the other witness. There is also a conflict upon another matter. When the assignment was exhibited in court it bore, in addition to the words, "Paid 10/15. By ck. to J. M. Thomas and indorsed by Thomas to Hammond Lumber Co.," the words, "Credit for lumber on 10th and Union Ave.," and the signature of the Lumber Company by C. S. Anderson. He and Mr. Thomas both testified that the expression, "Credit for lumber," etc., was not written on the instrument when it was signed, while Mr. Fanta swore that those words were there at the time.

The Hammond Lumber Company furnished lumber for the building found by the court to be of the reasonable value of $2,032.13. The court held that the two thousand dollars should have been applied toward the payment for materials furnished by appellant for the building and not for the payment of the note given for the loan by appellant to the contractor. This finding the appellant attacks as not supported by the evidence.

Appellant insists that all of the conversations by and between Mr. Fanta, Mr. Thomas, and the representative of the Hammond Lumber Company, by which it was sought to show on the part of defendants that the intention of the owner, the contractor, and the corporation furnishing material was that the amount of the fourth payment on the contract should be credited for lumber, was inadmissible. In this behalf it is argued that the title of Mr. Fanta to the fourth payment passed, not when the payment became due, but at the moment of his acceptance of the assignment (appellant citing sec. 1140, Civ. Code, and *Potts Drug Co.* v. *Benedict,* 156 Cal. 322, [104 Pac. 432]) ; and that the assignment, being unequivocal, the money when paid might be applied by the contractor in any manner he desired, unhampered by the desires or understandings of the owner based upon conversations. Appellant takes the position that the case at bar comes within the rule announced by such authorities as *Newport Wharf and Lumber Co.* v. *Drew,* 125 Cal. 585, [58 Pac. 187] , *Long Beach School District* v. *Lutge,* 129 Cal. 409, [62 Pac. 36], and *Miles* v. *Ryan,* 172 Cal. 205, [157 Pac. 5]. These and similar authorities which might be cited (all applying to public buildings which are not lienable), state the rule that a garnishment *pro tanto* of the contract price may be had in effect by

assignment. None of them holds that an assignment of part of the building fund, as against the owner's equities, may be had until after the money is due.

This case is not ruled by section 1140 of the Civil Code relating to a present sale of personal property, but the facts present a case of the transfer of a non-negotiable obligation where the right of the transferee is subject to the equities (Civ. Code, secs. 1458 and 1459), and equity will apply this payment to the material used in the building, and not to the satisfaction of a general debt owed by the contractor to the Lumber Company. The evidence justified the court in concluding that in making the payment Mr. Fanta intended that the money was to be applied to the extinguishment of appellant's claim for materials delivered to the contractor, and that such intention was made manifest at the time to the Lumber Company. (Civ. Code, sec. 1479; *Ray* v. *Borgfeldt,* 169 Cal. 253, [146 Pac. 679]; *Hanson* v. *Cordano,* 96 Cal. 441, [31 Pac. 457].)

Appellant makes the suggestion in the briefs that there is a conflict in the findings, one of them being to the effect that two thousand dollars is due the corporation and another that only $32.13 was payable at the time of suit; but counsel raises this point for the first time in this court. We need not, therefore, consider it. (*Kaiser* v. *Dalto,* 140 Cal. 167, [73 Pac. 828].)

No other alleged errors require discussion.

The judgment and order are affirmed.

Wilbur, J., and Lennon, J., concurred.

Hearing in Bank denied.

All the Justices concurred.