[Civ. No. 3392.    Second Appellate District, Division Two.—October 14, 1921.]

THE FIRST NATIONAL BANK OF ESCONDIDO (a Corporation), Respondent, v. C. L. WILLIAMS et al., Appellants.

[1] FINDINGS—SERVICE BEFORE SIGNING—CODE PROVISION MANDATORY.— The provision of section 634 of the Code of Civil Procedure relating to the service of proposed findings upon all parties to the action at least five days before they are signed by the court is directory only.

[2] PROMISSORY NOTES — SIGNATURE AS PRINCIPAL OR SURETY — CONFLICTING EVIDENCE—FINDING—APPEAL.—In an action on a promissory note, if the evidence as to whether or not one of the defendants signed the note as principal and co-maker or as surety is substantially conflicting, the finding of the trial court will not be disturbed on appeal.

[3] ID. — CANCELLATION OF OLD NOTE — GIVING OF NEW NOTE — CONSIDERATION. — The cancellation and delivery to the husband of a promissory note signed by him alone constitutes a sufficient consideration for a new note, signed by the husband and his wife, given as a revival of the first and to secure an extension of time of payment of the debt.

APPEAL from a judgment of the Superior Court of San Diego County.   S. M. Marsh, Judge.   Affirmed.

The facts are stated in the opinion of the court.

L. E. Dadmun for Appellants.

Bischoff & Thompson for Respondent.

CRAIG, J.—Judgment was rendered against the defendants from which and an order denying a motion for a new

trial they appeal. The points to be considered as alleged by appellants are, first, the insufficiency of the evidence to sustain the findings of the court that Mina W. Williams signed the note as principal and co-maker and for a valuable consideration; and, second, the right to have findings presented and served upon the opposing counsel five days before the same are signed by the judge.

Concerning the second proposition, we dismiss appellants' contention without passing upon its merits because it nowhere appears in the record on appeal that the findings were not served upon defendants' counsel, as provided by law. The only information which we have to that effect is an assertion contained in appellants' brief. [1] However, it may be said that the provision of section 634 of the Code of Civil Procedure here cited has been held to be directory only. (*Amundson* v. *Shafer,* 36 Cal. App. 398 [172 Pac. 173].)

[2] The other ground urged must be determined upon the rule that the findings of the trial court will not be disturbed where there is a substantial conflict in the evidence. We are asked to say that the evidence showed Mina W. Williams to be a surety and not a principal. Upon this issue the court found: "That the said defendant, Mina W. Williams, executed and delivered to said plaintiff said note as maker or principal, for a valuable consideration, and not as a surety." There is no doubt but that she, with her husband, signed the notes sued upon. From this fact a strong inference arose that she signed as maker. But section 2832 of the Civil Code provides: "One who appears to be a principal, whether by the terms of a written instrument or otherwise, may show that he is in fact a surety, except as against persons who have acted on the faith of his apparent character of principal." To make the showing thus permitted, C. L. Williams testified that one Hall, representing the First National Bank of Escondido, came to the Williams' house and asked for additional security upon the note in question, which was then due and unpaid; that Hall suggested "That I have Mrs. Williams sign this note as surety"; that Williams then told Hall he would see about it and let him know. L. E. Dadmun, counsel for the defendant, testified to several conversations with a Mr. Thompson, an attorney representing the plaintiff. Dadmun's evidence,

which bears upon the capacity in which Mrs. Williams signed the note, was to the effect that Thompson told him that Hall said if Williams would sign a note and get Mrs. Williams to sign it with him as surety, the bank would agree to an extension; that Dadmun told Mrs. Williams that Thompson said the bank would not bring suit but would extend the note from time to time if she would sign as surety with Mr. Williams.

As opposed to this testimony, Thompson took the stand on behalf of the plaintiff and denied that in the conversation related by Dadmun anything was said to the effect that Mrs. Williams should sign the note as a surety and not as a principal. He testified, on the contrary, that what was said was that the bank would "accept a new note."

As to the alleged conversation between Williams and Hall, it is not shown that the statement attributed to Hall was even communicated to Mrs. Williams. Upon this conflicting evidence, the finding of the trial court will not be disturbed.

[3] The claim is also made by appellants that there was no consideration for the note upon which suit was brought. There is no merit in this contention. The cancellation and delivery of the note to one person is a sufficient consideration for a new note given as a revival of the first and to secure an extension of time of payment of the debt. (*Hobson* v. *Hassett*, 76 Cal. 203 [9 Am. St. Rep. 193, 18 Pac. 320]; *Miller & Lux* v. *Dunlap*, 28 Cal. App. 315 [152 Pac. 309].)

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.