[Civ. No. 3378.   Third Appellate District.—December 1, 1927.]

HAMMOND LUMBER COMPANY (a Corporation), Respondent, v. LOUIS HENRY, Appellant.

Ray Howard for Appellant.

R. L. Horton for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by the defendant Louis Henry from two judgments entered against him in favor of the plaintiff and respondent Hammond Lumber Company.

Respondent Hammond Lumber Company brought an action against appellant on February 23, 1922, to foreclose a mechanic's lien for the sum of $868.63. Respondent, on June 15, 1922, brought another action against appellant seeking to recover the sum of $3,614.96, which sum also includes the amount claimed in the mechanic's lien case.

The complaint in the last action is set forth in three causes of action; the first for goods sold and delivered, the second on an open book account and the third on an account stated between the parties.

The answer in the last case, as originally filed, did not constitute a denial at all, and the court permitted an amendment to the answer during the trial, which constituted, in effect, a general denial by appellant that any sum whatever was due to the plaintiff.

Appellant also filed a cross-complaint in the second case, alleging that he had been damaged on account of respondent's failure to deliver the lumber and materials promptly, etc.

By stipulation of the parties both cases were tried together by a judge *pro tempore*, sitting without a jury, but

separate findings and judgments were made and entered in each case.

In the mechanic's lien case, judgment was entered for plaintiff in the sum of $558.75 and costs, but provided as follows: "That all sums recovered herein shall also be applied as credit on said judgment in action number 107402 when paid."

In the other case, which is numbered 107402, judgment was entered in favor of plaintiff in the sum of $2,167.80 and costs.

Appellant made a motion for a new trial before Hon. F. C. Valentine, judge of the superior court of Los Angeles County, which was denied.

The bill of exceptions, which purports to set forth the material testimony adduced at the trial, is so incomplete, ambiguous, and unintelligible that we find it extremely difficult, if not impossible, to obtain a clear understanding of the facts. Only a few disjointed excerpts of the testimony are set out in the bill of exceptions, and nothing is therein contained from which we can determine what amount was due respondent at any time—no basis for any calculation at all.

Appellant assigns nine errors in which he claims that the evidence is insufficient to justify the findings, but no particulars in which he claims the evidence is insufficient to justify any particular finding are pointed out in the assignment of error, or set forth anywhere in the record. If the specifications in the assignments of error were considered sufficient, still, we have no bill of exceptions from which we can intelligently review the evidence. Notwithstanding this faulty condition of the record, we have endeavored to consider the case upon its merits, and pass upon all the points raised by appellant for a reversal.

It appears that the appellant was a general contractor and builder, engaged in the construction of a number of houses in and near Los Angeles, and had bought a great deal of building material at different times, such as lumber, cement, lime, etc., from the respondent, and that it was the custom of appellant and respondent to keep a separate account for each building; for example all material that was purchased by appellant and used in the construction of a

building at 209 Cypress Avenue was charged by respondent to Louis Henry, 209 Cypress Avenue job.

■ Appellant, while apparently conceding that he is indebted to respondent in some amount, complains that the court limited the proof to three different building jobs, and that an account has been stated on these three buildings; that respondent could only recover on this stated account, and if the credits had been properly applied, there would be nothing due plaintiff on these "jobs." In the so-called bill of exceptions we find this noted: "Defendant offered to prove *certain facts* relating to the delivery of lumber by plaintiff to defendant at addresses other than 837 (including 845) West avenue, 741 West avenue and 209 Cypress avenue, and the court thereupon stated that the evidence introduced by plaintiff and the issues involved in said action were limited to lumber furnished to defendant at those three addresses, and that the proof which should be received should be limited to said issues and the court on plaintiff's objection refused to admit any other evidence, and the case was tried on the theory that those issues only were involved."

From this specification of error we are unable to review the ruling of the trial court for the reason that it merely says that the defendant offered to prove "certain facts." The facts offered to be proved are not set forth, and we are unable to say whether the proposed proof was competent or material or relevant to any issue in the case. If appellant desired to have this ruling of the trial court reviewed, he should have made an offer of what he expected to prove and have it inserted in the record. The findings, however, show that respondent has proven each and all of the three causes of action as set forth in the second case.

■ Appellant also contends that certain payments made by him to respondent were not credited as he directed. The record contains considerable correspondence between appellant and respondent as to the proper application of the various remittances made by appellant to respondent, and it appears that the respondent applied these moneys as directed by appellant at the time of payment, and also thereafter made a number of transfers of credits from one job to another at appellant's request, but finally refused to make any further transfers of credits as requested by appellant.

If it be conceded that appellant had the right to direct the application of the moneys paid to respondent to any particular job, certainly, after such application had been rightly made, as directed by appellant, he would have no right or authority to thereafter direct a different application of the same funds. (*Cardinell* v. *O'Dowd*, 43 Cal. 589. See, also, *Flynn* v. *Seale*, 2 Cal. App. 665 [84 Pac. 263]; *Ray* v. *Borgfeldt*, 169 Cal. 253 [146 Pac. 679]; *Hammond Lumber Co.* v. *Fanta*, 179 Cal. 652 [178 Pac. 503]; *Hanson* v. *Cordano*, 96 Cal. 441 [31 Pac. 457].)

We are, however, of the opinion that the principle contended for by appellant, and provided for in section 1479, subdivision 1 of the Civil Code, to the effect that one who is indebted to the same person on several obligations may, in making a payment, require that it be applied toward the extinction of one of the obligations in preference to the others, has no application to the facts in the case at bar, for the reason that the appellant Henry was indebted to the respondent Hammond Lumber Company, on but *one obligation* for lumber and building material of all kinds sold and delivered to him, and not upon several obligations. The accounts were kept separate merely for convenience and constituted one debt which Henry was primarily obligated to pay. (*Pacific A. Corp.* v. *Bank of Italy*, 59 Cal. App. 76 [209 Pac. 1024].) If, in making the various payments, he had stated to respondent that the money came from a certain owner of a certain building, or was the money of another person against whom a lien might be filed, then the situation would be entirely different, but no such statements appear in the record.

Appellant further contends that the judgment should be reversed because the findings were signed by the trial court prior to the expiration of the period of time prescribed by section 634 of the Code of Civil Procedure. There is no merit whatever in this contention. Section 634 of the Code of Civil Procedure is merely directory, and, even if the facts be as contended by appellant, that the trial court directed findings, and that the findings were signed less than five days after the proposed findings were served on the defendant, nevertheless, the validity of the judgment would not be impaired thereby. (*Sadicoff* v. *Jackson*, 46 Cal. App. 256 [189 Pac. 111]; *Amundson* v. *Shafer*, 36 Cal. App. 398

[172 Pac. 173]; *First National Bank* v. *Williams*, 54 Cal. App. 537 [202 Pac. 164].)

▊ Appellant also contends that there is no evidence to sustain the finding as to the ownership of the property involved in the mechanic's lien case. An inspection of the answer of appellant shows that he never at any time denied the allegation of ownership of the property. The ownership of the property was, therefore, admitted and no proof was necessary.

We are of the opinion that the judgments should both be affirmed, and it is so ordered.

Plummer, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 30, 1928.