[Civ. No. 5475.   Fourth Dist.   July 23, 1957.]

GEORGE F. EDWARDS, Plaintiff and Appellant, v. I. C. CURRY, Respondent; J. S. SCHIRM COMPANY (a Corporation), Defendant and Appellant.

Buttermore & Lightner for Plaintiff and Appellant.

Hillyer & Crake and Oscar F. Irwin for Defendant and Appellant.

Glen Behymer as Amicus Curiae on behalf of Defendant and Appellant.

Gray, Cary, Ames & Frye for Respondent.

GRIFFIN, J.—The record comes to us on the clerk's transcript and judgment roll. As found by the trial court, sitting without a jury, plaintiff George F. Edwards was a roofing subcontractor on a school job for defendant I. C. Curry, the general contractor. Cross-defendant J. S. Schirm Company was the materialman supplying Edwards. The school was being built pursuant to a contract between Curry and the San Diego Unified School District, which is not a party to this action, in accordance with certain plans and specifications. Edwards agreed with Curry to furnish labor at a specified minimum hourly wage rate, and material in accordance with the plans, for the sum of $20,007. His work started in August, 1954, and continued through December, 1954. The wage scales paid to most of Edwards' employees were less than the scale required by the public schools contract. Upon discovery of this fact and certain defects in workmanship, the inspector for the school district reported this condition to the general contractor and the school district. Edwards was not permitted to continue his contract under those conditions. The predicament was discussed between Curry and Edwards. Due to wet weather, about January 15, 1955, Edwards' contract was given or assigned to one Clark, a roofing contractor, for completion, and he finished the job at a cost of $7,624.65. The court found, however, that the reasonable value of that work was only $7,209.70. The Schirm Company furnished material to Edwards valued at $10,339.49, less certain credits totaling $329.52. It appears that from past experience, Schirm

questioned Edwards' credit, and went to Curry and requested that Curry make all payments due to Edwards under his contract payable to Schirm and Edwards jointly and that the checks be made payable accordingly. It appears that Edwards agreed, and thereafter this procedure was followed as payments became due and they were credited to Edwards' account with Schirm Company on this particular school job. A portion of one check was credited to an old account of Edwards for material furnished on another job. These checks were endorsed by the payees and were deposited in the Schirm Company bank account and were paid. Apparently there was some agreement, possibly unknown to Curry, between Schirm Company and Edwards whereby Schirm returned portions of these funds to Edwards for payment of labor, his living expenses, etc. At any rate, the checks, made payable to Schirm Company and Edwards jointly, would have fully paid the bill for material furnished on the school job if Schirm had not returned money to Edwards for other purposes. Thereafter, when a labor controversy arose and when Edwards was removed from the contract, Schirm, on February 23, 1955, filed a stop notice with the school district alleging $5,109.95 of its account with Edwards had not been paid, and the district retained this amount by reason of it until the completion of the contract in July, 1955. Since then payment of 10 per cent of the entire building contract price was withheld by the district, including 10 per cent of the amount withheld for alleged wage deficiencies.

Edwards, in March, 1955, filed this action against Curry, seeking $20,007 on account of money due on the contract, and alleged that $10,807 had been received, leaving a balance of $9,200. Curry answered, and filed a general denial, admitted $10,807 had been paid to Schirm Company and Edwards jointly by Curry under its agreement so to do, and that no more was paid. By way of cross-complaint, after making the Schirm Company a cross-defendant, Curry alleged that Edwards failed to pay wages according to the contract and to live up to the specifications in respect to the work performed; that it was necessary to complete the work by Clark; and that he paid Clark $7,628.65, to complete it; that he expended $379.13 to repair damage caused by Edwards to the building; that the Schirm Company filed a stop notice for $5,109.95, and that Curry was injured in his reputation and thereby damaged in the sum of $6,000. He asks to have his rights declared; that it be adjudged he was not indebted to either Edwards or

Schirm Company; and that the Schirm Company was not entitled to the amount withheld by the school district.

The Schirm Company appeared and sought $5,110.76 for materials allegedly furnished to the school district at the request of Edwards and Curry and claimed that they promised to pay said sum; that a stop notice was duly given and that a foreclosure of a materialman's lien would follow; that the rights of the respective parties be adjudicated. Both Curry and Edwards deny generally these allegations. Edwards alleged a breach of agreement in respect to the roofing contract. He also alleged that he did not authorize nor consent to the substitution of Clark as the roofing contractor to finish the job; and that he was unlawfully coerced into assigning the job to Clark.

The court found that Curry suffered no damage to his reputation as claimed, because of the filing of the stop notice; that Curry was entitled to credit on his contract with Edwards for $10,803.78, which was paid to Edwards and Schirm Company jointly; for $7,209.70 paid to Clark; for $455.03 expense paid for repairs on Edwards' work; for $853.95 plus 10 per cent thereof or $85.40 withheld by the school district; and if Curry is so credited, judgment in favor of Edwards will attach for that sum and jurisdiction is retained by the court to carry this into effect; that Edwards recover against Curry the balance, if any, thereafter due; that as between Curry and Schirm Company the latter has been paid in full for material furnished to Curry on the school job pursuant to the stop notice; that Curry is entitled to a release of the stop notice or upon Schirm Company's failure to release said stop notice Curry have judgment against the Schirm Company for the amount withheld by virtue of said notice; that Schirm Company have judgment against Edwards for $4,915.92; that Schirm Company have a lien for this amount upon all money received by Edwards and that the rights of the respective parties be adjudicated accordingly. Judgment was thus entered. Motions for new trial were made and the conclusions of law mentioned in paragraph IV and judgment were then amended by striking any reference therein to the sum of $853.95 plus 10 per cent or $85.40 withheld by the school district, without altering the sums found to be due and owing between the parties, and retaining jurisdiction by the court over this claim; and that paragraph II thereof relating to Edwards' right to recover from Curry any balance due, after these deductions mentioned in paragraph IV be stricken, and that paragraph IV

of the conclusions of law be amended to read that Edwards is entitled to recover ,$600.34 from Curry and that the judgment, in this respect be so amended. After thus amending the judgment the motion for new trial was denied.

It is Schirm Company's contention that under section 1192.1 et seq. of the Code of Civil Procedure the general contractor, Curry, is liable to it for materials furnished Edwards which went into the school building; that Curry must have known that the checks made payable to Schirm and Edwards jointly were not intended to be solely applied to the payment of Schirm's bill; and that the laborers must be paid from these payments; that since Curry consented to this joint check arrangement he impliedly agreed to whatever application of the funds was made by Edwards and Schirm, and the fund due from the school district to Curry is liable for the unpaid material bill of Edwards and Schirm, citing *Modesto Lbr. Co.* v. *Wylde,* 217 Cal. 421 [19 P.2d 238]; and *Hollywood Wholesale Elec. Co.* v. *John Baskin, Inc.,* 121 Cal.App.2d 415 [263 P.2d 665]. In the Modesto case the check was made payable solely to the materialman. The court held that the contractor's orders to apply the funds to accounts other than the one intended was without authority. In the instant case Schirm Company claims a check made payable jointly to the subcontractor and the materialman would not operate as a payment of the account of the materialman.

From the findings and judgment roll it would be reasonable for Curry and the court to believe that the materialman was interested in seeking security for the payment of its claim and if any balance remained it would remit it to the subcontractor; that when the subcontractor endorsed the checks and they were turned over to the materialman, and he placed the funds in the materialman's general account, so far as the general contractor was concerned, and in the absence of a showing of any other agreement, it was, to that extent, a payment of and should be applied to the account of materials furnished; and that in so far as the general contractor was concerned, it released him as a guarantor. If the materialman, through some private arrangement with the subcontractor, cared to return a part of that money to the subcontractor for his personal use, or place it as payment of an older account or return it for payment of labor, that was a matter resting solely within the discretion of the materialman.

It is the general rule that on a payment made by a general contractor to a materialman, it is his duty to first apply the

payment in discharge of the materialman's claim. (*Modesto Lbr. Co.* v. *Wylde, supra*; *Hanson* v. *Cordano*, 96 Cal. 441 [31 P. 457].) If it were otherwise, the materialman might well make the general contractor liable as a guarantor, or through a stop notice, for the entire material bill by returning the entire amount to the subcontractor for his own personal use or applying it to past obligations of the subcontractor.

It is not clear from the findings under what theory the trial court amended the original judgment and substituted the amount indicated, i.e., $600.34, as being due to Edwards from Curry. Apparently the court worked out some form of adjustment as to the amount withheld by the school district. On an appeal upon the judgment roll alone we must assume the evidence supported such a finding and judgment. (*Totten* v. *Barlow*, 165 Cal. 378 [132 P. 749].)

Edwards, on this appeal, makes the same claims made by Schirm Company. We have sufficiently disposed of them. He also claims that the judgment entered in favor of Schirm Company against him is erroneous and not justified under the findings since the trial court found that the material bill he contracted with the Schirm Company had been paid by the joint checks issued to them; and that accordingly Schirm Company should not be paid twice for the same bill. This argument, under the facts and pleadings, does not appear to be justified. The principal debtor to Schirm Company was Edwards. Curry was never more than a guarantor or surety and stood in a similar position to that of the owner of property. In both cases they are by law and against their wills made sureties on the claims of the materialman against the persons to whom they sold their materials. In effect, the finding of the court was that the guarantor was released of his liability to the materialman for failure of Schirm Company to first apply the proceeds of the checks to the payment of the materialman's lien against him. As between the subcontractor and the materialman, if the materialman chose to give back to the subcontractor or apply the money to some other account in payment of it and take his receipt therefor, the subcontractor was still indebted to the materialman. Schirm's cross-complaint, in one count, seeks judgment against Edwards and Curry jointly for $5,110.76, for materials furnished the school district; but in a second count it seeks declaratory relief arising out of the said transaction. Apparently, the trial court took into consideration all of the evidence on the subject and under that equitable relief cause

of action, declared the rights of the respective parties and rendered the judgment indicated. The judgment in the Schirm Company's favor against Edwards was authorized.

As a final claim both Schirm Company and Edwards contend the school district was an indispensable party to the action and a complete adjudication of the respective rights and claims of the parties could not be made without it, citing such authority as *Boomer* v. *Abbett*, 121 Cal.App.2d 449 [263 P.2d 476]; *Warner* v. *Pacific Tel. & Tel. Co.*, 121 Cal.App.2d 497 [263 P.2d 465]; and section 389 of the Code of Civil Procedure. The claim is that the court eliminated the credit to Curry in the sum of $939.35, which was withheld by the school district, and accordingly the judgment in favor of Edwards is less than that due under the contract between Curry and Edwards after credits allowed by the court are offset against the contract price; that Schirm Company is entitled to this money by virtue of its judgment and lien on Edwards' judgment. It is claimed that a new trial should be granted, the pleadings amended to bring in the school district, and that the findings and judgment be amended to conform to these computations.

No suggestion that the school district be made a party was indicated until the time of the hearing on a motion for new trial. Apparently the trial court then decided that it was not necessary to await a determination by the school district as to whom the sum retained should be paid, and awarded a definite credit of $600.34 to Edwards as against Curry. The judgment recites that since signing the findings the stop notice by stipulation has been released "without prejudice to the rights of any party hereto." The effect of this stipulation is not clear. It would naturally follow, upon release of the stop notice, the funds withheld would be paid to the parties entitled to them. Assuming this has been done, the school district would no longer be a necessary or indispensable party to the action in this respect and the granting of a new trial for this purpose would be of no useful purpose. It does appear that an undetermined amount of money was withheld by the school district by reason of some claimed violation in the payment of employees of the subcontractor. Probably this money was due to the employees, and eventually that liability would fall upon the general contractor. It would not, therefore, constitute a credit due to Edwards. Since the school contract is not before us, it is impossible to determine its provisions in reference to the distribution of these re-

tained funds. We must assume distribution has been or will be made according to the contract. Neither is the record of the evidence upon which the court made the calculations, deductions and credits before us. Accordingly, in support of the judgment, we must assume there was evidence to justify it. (*Van Calbergh* v. *Easton,* 185 Cal. 1 [195 P. 679]; 2 Cal.Jur. p. 690, § 396.) Under the circumstances the trial court was authorized to deny the motion for a new trial.

Judgment and amended judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

The petition of defendant and appellant for a hearing by the Supreme Court was denied September 18, 1957.