[Civ. No. 8905.    Fourth Dist., Div. Two.    June 13, 1968.]

RODEFFER INDUSTRIES, INC., Plaintiff and Respondent,
v. CHAMBERS ESTATES, INC., Defendant and Appellant.

James Ralston Smith for Defendant and Appellant.

Brown & Brown, Howard B. Brown, Rodney Moss, David A. Binder and Sheldon H. Sloan for Plaintiff and Respondent.

KERRIGAN, Acting P. J.—Plaintiff is a concrete supplier who furnished materials to 146 lots in two Riverside County tracts owned and developed by the defendant as a residential subdivision. Defendant's general contractor retained Harvey Concrete, a corporation, for the purpose of installing rough concrete in the units. Between May 10 and July 17, 1964, plaintiff supplied Harvey with materials for the project. Harvey failed to pay plaintiff for the total concrete furnished on this particular job, and plaintiff recorded a mechanic's lien upon both tracts for the balance due.

The defendant-owner financed the construction through a loan agreement with Columbia Savings & Loan Association. As work progressed, defendant would authorize its lender to issue checks to its contractor, subcontractors and materialmen by use of written vouchers. In this case, defendant directed Columbia to issue two checks made payable to Harvey and plaintiff for labor and materials.

The first joint check is dated July 1, 1964, in the sum of $9,327.60, and is supported by defendant's voucher bearing the same date. The voucher expressly states that it is to be for payment of labor and/or materials furnished to 15 specifically designated lots situated in the two tracts.

The second check is dated July 16, 1964, in the sum of $6,545.76. This check is based on two written vouchers dated July 8, 1964 and July 14, 1964. These vouchers expressly provide that they represent payment of labor and/or materials

furnished to 18 specifically designated lots situated in defendant's tracts.

The 15 lots designated in the voucher dated July 1 are different and distinct lots from the 18 lots designated in the two later vouchers.

From the check of July 1, 1964, the plaintiff-materialman applied $4,867.20 against sums then due it and turned over $4,460.40 to the subcontractor-Harvey.

The check of July 16, 1964, was distributed as follows: plaintiff applied $3,951.99 against sums due it and returned $2,593.77 to Harvey.

Plaintiff's controller testified that when a joint check was received from Columbia Savings, a representative of the subcontractor and an official of plaintiff would confer, examine the check, determine the material owed for from invoices and billings covered by the check, and then divide the check in accordance with such determination. The two checks of July 1 and July 16 totaled $15,873.36. Of this sum, $7,054.17 was distributed to Harvey, and the balance of $8,819.19 was credited directly against sums due plaintiff.

The trial court held that the plaintiff had been paid only the amounts actually retained from the joint checks, to wit, the sum of $8,819.19, and that no portion of the moneys retained or turned over to the subcontractor were to be credited on the $13,057.92 remaining due and unpaid to the plaintiff. Judgment for the balance due was entered accordingly.

The sole issue on appeal is whether the two checks made payable jointly to the subcontractor and the materialman constituted payment and satisfaction of the owner's obligation to plaintiff for the entire face amount of the checks ($15,873.36), or whether the defendant is only entitled to credit the amount actually retained therefrom by the materialman ($8,819.19).

■ Generally, where a general contractor, pursuant to an agreement with a materialman supplying a subcontractor, makes payment on a construction job by check payable jointly to the subcontractor and the materialman, and the payments are sufficient to satisfy the material bill, the general contractor is released from liability to the materialman when the latter releases all or part of the proceeds of the joint check to the subcontractor. (*Edwards* v. *Curry,* 152 Cal.App.2d 726, 730 [313 P.2d 613].) ■ Similarly, when an owner issues a check made payable jointly to a subcontractor and a materialman, in the absence of a showing of an agreement to the

contrary, the payees should ordinarily understand that the owner's intention is that the full amount of the check be used to discharge the lien rights of the materialman. (*Westwood Bldg. Materials Co.* v. *Valdez,* 158 Cal.App.2d 107, 110 [322 P.2d 79].)

However, the issuance of a joint check payable to a materialman and a subcontractor in payment of labor and materials for *specifically designated lots* does not require that the materialman credit the entire proceeds of such check against not only materials delivered to the lots for which the check was expressly issued, but also against all other materials furnished on a particular construction project. (*J. S. Schirm Co.* v. *Rollingwood Homes Co.,* 56 Cal.2d 789, 795 [17 Cal.Rptr. 1, 366 P.2d 444].) Whether a joint check constitutes payment of the materialman's bill represents a question of fact based upon the intention of the parties. (*B. & J. Constr. Co.* v. *Spacious Homes, Inc.,* 204 Cal.App.2d 216, 223 [22 Cal.Rptr. 41].)

In the case under review, the evidence demonstrates that although the plaintiff supplied concrete to 146 lots owned by the defendant, the checks of July 1 and July 16, and the vouchers in support thereof, represented payment for materials delivered to 33 lots only. There is nothing in the record indicating that any portion of the $13,057.92 remaining unpaid to the plaintiff, and for which the mechanic's lien is claimed, was in any way connected with materials furnished to those 33 lots. An examination of the vouchers reflects clearly that the two checks were designed to pay for materials supplied only to those lots specified and referred to in the vouchers. Therefore, under the *Schirm* doctrine, it is clear that the trial court properly determined that plaintiff was entitled to a lien for the amount due for materials supplied to the remaining lots.

Defendant offered no evidence other than the vouchers and the checks. The vouchers indicate that the checks represented payment for labor and materials furnished and supplied to specific lots (*J. S. Schirm Co.* v. *Rollingwood Homes Co., supra,* 56 Cal.2d 789, 795), and that the owner intended the checks as payment for labor performed by the subcontractor and materials supplied by plaintiff. (*B. & J. Constr. Co.* v. *Spacious Homes, Inc., supra,* 204 Cal.App.2d 216.)

Judgment affirmed.

Tamura, J., concurred.